The Chief Justice

delivered the Opinion of the Court.
This is an action of Replevin for goods alleged to have been taken from a designated house in the city of Louisville. The parties sued traversed the taking as alleged, and averred that it was from a different house in the same city; and having tendered an issue as to the place, they avowed that the goods were taken in virtue of a distress warrant for rent due.
The Circuit Court sustained a demurrer to the plea, and thereupon, rendered a judgment for the plaintiffs in the action:
In England, the place where the goods were distrained was issuable, chiefly because the right to distrain for rent was restricted, generally, to the limits of the demised premises; and it has been decided, that a plea of cepit in alio loco, in the same county, is not material, or issuable in an action of Replevin for property taken otherwise than by distress, any more than the like .plea would have been good had the form of action been trespass, instead of replevin.
In the case of Mitchell vs. Franklin, (3 J. J. Marshall, 477,) this Court decided that, under our statute of 1811, regulating the procedure in distress for rent, all the property of the tenant, of the kind subject to distress for rent, wherever it might be in the county to which the distress warrant is directed, is as liable to be distrained, as it would be to be levied on under a fieri facias. Consequently, as the locus in quo is not here material, provided it be in the proper county, the common law doctrine as to the materiality of the particular place where distress was made, is not now applicable or authoritative in this state.
Had there been no avowry, therefore, we should not hesitate to affirm the judgment on the demurrer.
An avowry which shows that some rent was due—though less than was distrained for may be sufficient.
In England, when the issue on a plea of cepit in alio loco was found for the defendant, he could not be entitled to a judgment for restitution, unless he had also become actor, and, by appending, as in this case, an avowry to his plea, had claimed a judgment of retorno, and thereby showed that he was entitled to it. But in such a case, the only legal issue was as to the place, and the avowry was not traversable. 1 Saunders, 347, n. 1.
But as, in this case, the plea as to the place was altogether immaterial, it should, in our opinion, be deemed merely superfluous; and the avowry appended thereto should, if good be considered as issuable, and unaffected by the redundent matter previously pleaded.
The only objection made to the avowry, is that it does not clearly show that as much, rent was due as the amount for which the goods were distrained. But it avers that some rent was due, and this is sufficient, prima facie, to justify the distress.
Wherefore, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.