## WILLIAM W. CHIPMAN and GIDEON AUGHINBAUGH, Respondents, v. JOSEPH EMERIC, Appellant.

When treble damages are given by a statute, the demand for such damages must ne expressly inserted in the declaration. which must either recite the statute, or conclude to the damage of the plaintiff against the form of the statute.

APPEAL from the District Court of the Third Judicial District, County of Contra Costa.

The opinion of the Court contains the facts.

*E. W. F. Sloan* and *A. M. Crane*, for Appellant, contended that the action of the Court below was erroneous, and cited 3 Bac., Ab., 81. G. Rees *v.* Emeric, 6 S. and R., 288. Newcomb *v.* Butterfield, 8 Johns., 342. Livingston *v.* Platner, 1 Cow., 175. Benton *v.* Dale, 1 Ib.,160. King *v.* Havens, 25 Wend., 419. Germain *v.* Booth, 1 Denio, 639. 2 Wend., 247.

*Jo. G. Baldwin* and *E. S. Chipman*, for Respondent.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J, and BRYAN, J., concurred.

'This was an action of waste at common law. The jury found for the plaintiff and the Court trebled the damages under the statute.

The rule is laid down in Bacon's Abridgment that "when treble damages are given by a statute, the demand for such damages must be expressly inserted in the declaration, which must either recite the statute or conclude to the damage of the plaintiff against the form of a statute." See also, Rees v. Emeric, 6 S. and R., 288. Newcomb v. Butterfield, 8 Johns., 342. Livingston v. Platner, 1 Cow., 175. Benton v. Dalea, Ib., 160.

Upon the weight of these authorities the judgment is reversed, and judgment ordered to be here entered in favor of the plaintiffs for the single damages found by the verdict.