BETTYS vs. THE MILWAUKEE & SAINT PAUL RAILWAY COMPANY.

37    323
110   ³122

RAILROAD CORPORATIONS. (1, 2, 3) *Action against, for killing cattle in another state, will not lie here, when.* (4) *Action for injuries to realty, local, not transitory.*

1. In this action for the killing of plaintiff's cow by defendant's train, the complaint recites a statute of Iowa, and the facts necessary under it for the recovery of double damages in such cases, and prays judgment for such double damages. *Held,* that it must be treated as an action under that statute, and, no such action being known to the law of this state, it cannot be maintained here.
2. The averment of the Iowa statute, and the averments under it, cannot be rejected as surplusage, and the action treated as a transitory one for single damages.

3. The double damages of the Iowa statute being by way of *penalty*, this is an additional reason why the action cannot be maintained here.
4. An action for injuries to *realty* in another state is a *local* action, and cannot be brought here.

APPEAL from the Circuit Court for *Crawford* County.

The complaint alleges, in substance, that on, etc., at Clayton county in the state of Iowa, the cattle of the plaintiff, without his fault, strayed upon the track of the defendant, at a point where the track crosses plaintiff's farm, through the carelessness of the defendant, in not maintaining proper fences, and were run over and killed by a train of cars; that the law of the state of Iowa was at the time and still is as follows:

(Acts of the 9th general assembly of the state of Iowa, chap. 169, secs. 3, 5, 6 and 7). " Sec. 3. When any railroad runs through any improved or fenced land, said railroad company shall make proper cattle guards on such roads where they enter or leave such improved or fenced lands. Sec. 5. Any railroad company, neglecting or refusing to comply with the provisions of sections three and four of this act, shall be liable for all damages sustained by any one by reason of such neglect and refusal, and in order for the injured party to recover, it shall only be necessary to prove such neglect and refusal. Sec. 6. Any railroad company hereafter running or operating its road in this state, and failing to fence such road on either or both sides thereof against live stock running at large, at the points where said road have the right to fence, shall be absolutely liable to the owner of any live stock injured, killed, or destroyed by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed, or destroyed, unless the injury complained of is occasioned by the willful act of the owner or his agent, and in the cases contemplated by this section, in order to recover, it shall only be necessary for the owner of the property to prove the injury or destruction complained of. *Provided:* That in case the railroad company, liable under the provision of this section, shall

neglect or refuse to pay the value of any property so injured or destroyed, after thirty days' notice in writing given accompanied by an affidavit of the destruction of said property, to any officer of the company, or any ticket or station agent employed in the management of its business in the county where the injury complained of shall have been committed, such company shall in an action brought to recover therefor be held liable to pay double the value of the property injured, killed or destroyed as aforesaid. Sec. 7. Every railroad company shall be liable for all damages sustained by any person, including employees of the company in consequence of any neglect of the agents or by any mismanagement of the engineers or other employees of the corporation to any person sustaining such damage. This last section is amended by a later statute thus ; "All contracts to the contrary, notwithstanding."

That due notice in writing, accompanied by affidavit, had been given to the defendant ; that defendant had neglected and refused to pay the plaintiff the value; by means whereof the plaintiff was entitled to recover $220 (the value of the cattle being alleged to be $110).

For a second cause of action, the complaint alleges the plaintiff's ownership of certain described land in Clayton county, state of Iowa, through which the railroad of the defendant runs; that the defendant had negligently suffered dry leaves and grass to accumulate in their right of way, and negligently suffered the same to be set on fire by sparks from their locomotives, and, by the fire thus set, a large amount of the plaintiff's grass, timber and fences to the value of $200, was consumed; that due notice, accompanied by affidavit, had been given, and that defendant refused to pay, etc. The count referred to the laws of Iowa as set forth in the preceding cause of action, as applicable to, and as made a part of this cause of action. Judgment was demanded for $420, with interest on $220 from the time of the killing of the cattle, and on $200 from the time of burning of the grass, etc.

Demurrer to this complaint, on the ground that it does not state facts sufficient to constitute a cause of action, was sustained, and the plaintiff appealed.

*M. M. Webster* and *Elijah Odell & Son*, for appellant:

The demurrer is to the whole complaint. If either count is good, the demurrer should be overruled. *Curtis v. Moore*, 15 Wis., 134. This action having accrued under the laws of Iowa, and being brought at the home of the corporation, the appellant can recover in Wisconsin. *Whitford v. Panama R. R. Co.*, 23 N. Y., 471; 3 Bosw., 67; *S. C.*, 3 Duer, 67. For the first cause an action will lie under either the Wisconsin or Iowa statutes. The law being the same in both states, and the action transitory, being for an injury to personal property, there can be no legal reason why the courts of Wisconsin have not jurisdiction. The right of action for damages caused by sparks from locomotives exists at common law in force in both states. Sherm. & Redf. on Negligence, 373.

*John W. Cary* and *O. B. Thomas*, for respondent. [No brief on file.]

RYAN, C. J. I. The first count of the complaint is plainly framed under the statute of Iowa pleaded. It recites the statute, and avers all the facts necessary under it to the recovery of the double damages which the statute gives, and prays judgment for them. It is strictly an action under the statute. *Chipman v. Emeric*, 5 Cal., 239. No such action is known to our law. And, for reasons assigned in *Anderson v. M. & St. P. R'y Co.*, *ante*, p. 321, the action cannot be maintained here.

There is another reason applicable to this case, not to that. The double damages of the Iowa statute are given by way of penalty. *Newcomb v. Butterfield*, 8 Johns., 342. And for that reason, the action could not be maintained here. *Brigham v. Claflin*, 31 Wis., 607.

The count is so plainly under the Iowa statute that, though we came to the conclusion with some reluctance, we cannot

think that it would be fair or safe to reject the averment of the Iowa statute and the averments under it, as surplusage, and hold it a transitory action for single damages, under the cases in this court, with too large a prayer for judgment. See *Graham v. Railroad Co.*, 3 Wall., 704.

II. The second count is for injury to the realty in Iowa, plainly a local action under all the authorities, which cannot be maintained here. Co. Litt., 282 a; Bacon's Abr., Action, A.; Comyn's Dig., Action N., 4, 5; *Doulson v. Matthews*, 4 Term, 503; *Tyson v. McGuineas*, 25 Wis., 656.

*By the Court.*—The order sustaining the demurrer is affirmed.