Bell v. Norris.

CASE 10—ORDINARY—OCTOBER 16, 1880.

# Bell v. Norris.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. The remedy given by chap. 66, art. 2, sec. 26, Gen., Stat., is cumula-
tive, and it is within the discretion of the party whose property has
been wrongfully distrained by his landlord to declare under the
statute, or pursue his remedy at common law.

2. The double damages, or double the value of the property sold, pro-
vided for in this section, is in the nature of a penalty.

3. If the plaintiff seeks to recover double damages for the wrongful
seizure of his property, or double the value of his property wrong-
fully sold under a distress warrant, he must distinctly declare *under
the statute*.   He must recite the statute, or conclude to the damage
of the plaintiff contrary to the form of the statute.

LITTLE & SLACK FOR APPELLANT.

1. The instruction given was erroneous.   It ignores the facts, and does
not contain the law.

2. The direction to the jury to give double damages and double the
value of the property, if it was wrongfully sold, was error.

3. The statute, chap. 66, art. 2, sec. 26, is highly penal, and to obtain the
benefit of it, appellee should have declared under the statute, and
not have asserted his common law right of recovery, as he did in
his petition.

4. The nature and amount of damages prayed limit the amount of re-
covery.   (54 Mo., 58; *Ib.,* 225; 6 Central Law Journal, 115; Adams
Express Co. v. Milton, 11 Bush, 50; 5 Cal., 239.)

Bell v. Norris.

W. N. SWEENEY & SON FOR APPELLEE.

1. The answer admits that the land was rented for the year 1878. In the absence of a contract fixing the term, the law fixes it at one year.

2. The instruction given was less favorable to the appellee than the law authorized.

3. The suit is brought under chap. 66, art. 2, sec. 26, Gen. Stat.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action by Bell v. Norris to recover damages on account of the illegal issue of a distress warrant, and the sale of the appellee's property under it before the rent became due.

It is alleged that the appellant caused the sheriff, or other officer, to levy upon and sell 450 bushels of wheat belonging to the appellee, worth 80 cents per bushel, amounting in all to $360; that he was preparing to have it threshed, but was prevented by the wrongful distress, seisin, and sale of the wheat by the appellant; and that he was damaged in the sum of $720, and for which he asks a judgment. On the trial of the case, there being no positive proof as to when the rent was payable, the testimony conducing to show that the land was rented by the appellee to be sown in wheat, the court instructed the jury that they should regard it as a renting from year to year, the rent to become due and payable at the expiration of the term. This, we think, was proper, and certainly could not have prejudiced the substantial rights of the appellant if erroneous. The warrant was levied on the wheat as soon as it was harvested, and while in the shock; and although there was some testimony tending to show that the rent was due when the wheat was threshed and sold, still, in either state of case, the levy and sale was wrongful, and the right of recovery undoubted.

The court instructed the jury to find double the value of

the wheat sold, basing this view of the case on the 26th section of article 2, chapter 66, General Statutes, which provides: ".If property be distrained for any rent not due, the owner of the property may, in an action against the party suing out the warrant of distress or attachment, recover double damages for the wrongful seizure; and if the property be sold, double the value thereof. This remedy is merely cumulative, and it is within the discretion of the party injured to declare under the statute, or pursue his common law right. The double damages or double the value of the property to be assessed in such cases is in the nature of a penalty, and if the plaintiff seeks to confine his recovery to the amount fixed by the statute, he must allege his right to recover by reason of the statute. In this case, if the facts alleged are true, the plaintiff is not confined to the mere value of his wheat, but is entitled to recover for the unlawful entry and seizure of his property. It is true that, under the statute, he may recover double damages for the unlawful seizure, and whether that is to be interpreted as meaning double the amount of damage for the actual injury sustained, or damages by way of punishment, is immaterial. It is certain that this case belongs to a class of cases in which, at common law, something more might be recovered than the mere value of the property taken, and having adopted the common law remedy, the rule of the common law as to the quantum of recovery must apply.

If there was an unlawful entry on the premises of the appellee, and a seizure of his property, as is alleged in the petition, an instruction based on the idea that he was not confined in his recovery to the actual value of the property taken, but was entitled to exemplary damages for the un-

Bell v. Norris.

lawful entry, &c., would have been proper; and if he is also entitled to the instruction given by the court below, it would be at the plaintiff's option to elect whether he would take his damages at common law or under the statute. Such is not the law.   If the proceeding is for the penalty fixed by the statute, the facts must not only be alleged, bringing the case within the statute, but the plaintiff must claim double damages by reason of the statute, and then the defendant is notified of the extent of the plaintiff's demand.

This being a common law action, and the jury finding the defendant guilty, might have returned a verdict for a less amount than double the value of the property; but when told that the statute regulated the amount of the finding, and the jury believing the defendant guilty, there was no other alternative under the instructions than to assess damages for double the value of the property sold.   This is a highly penal statute; the wrong-doer is liable "to double damages for the wrongful seizure, and, if the property be sold, for double the value thereof," and in seeking such a recovery the pleader must declare upon the statute.   The demand for such damages must recite the statute, or conclude to the damage of the plaintiff contrary to the form of the statute.   (Chipman v. Eunice, 5 California, 239; Newcomb v. Butterfield, 8 Johnson's Reports, 343.)

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.