## Board v. Luigart, et al.

(Decided November 27, 1912.)

### Appeal from Fayette Circuit Court.

1. Landlord and Tenant—Pleading—Distress Warrant.—As the petition, as amended, states a cause of action, which, if supported by evidence, would entitle appellant to recover damages of the landlord for wrongfully procuring the issuance of a distress warrant, and of the latter and the officer who received the writ, for the wrongful seizure and sale of her property thereunder, the judgment of the circuit court sustaining the demurrer and dismissing the petition was error.

2. Landlord and Tenant.—The procurement of the distress warrant, and seizure and sale of appellant's property thereunder, were wrongful, if, as alleged in the petition, there was no rent due the landlord from the tenant, or the property was not subject to distraint for rent.

3. Landlord and Tenant—Restraint of Tenant's Property—Provision of Code.—Where property is illegally seized under a distress warrant, the tenant may, as provided by section 33, civil code, sue to recover the specific property and obtain an order of delivery for same, or he may prevent its sale and discharge the levy, by executing a bond as allowed by section 653, civil code, and present his defense to the writ, when the landlord moves for judgment on the bond, as provided by section 654 civil code. As the remedies mentioned are merely cumulative, the tenant may waive them; and if the property was distrained or sold without good cause for suing out the distress, bring an action for damages under sections 7-2312, Kentucky Statutes, against the party suing out the distress; or he may bring a common law action for damages against the latter, and the officer executing the writ, for the illegal seizure and sale of the property

R. S. CRAWFORD and J. H. MINOGUE for appellant.

J. A. EDGE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Fayette Circuit Court sustaining a demurrer to, and dismissing, appellant's petition, in an action to recover damages for the alleged illegal seizure and sale of her household goods under a distress warrant wrongfully issued for rent.

The petition, as amended, admits the renting by appellant, of a house and lot in the city of Lexington from the appellee Gustave Luigart, and alleges that it was, with his knowledge, occupied and maintained by her as a bawdy house, and that for the use thereof he was to receive from her $60.00 per month, payable out of the proceeds or income derived from the illicit business she was to conduct therein; that she did pursuant to the contract with the appellee Luigart, occupy and maintain the premises as a house of ill fame, from sometime in the year 1907, down to and including the month of July, 1911, during which time she paid to him a large part of the income derived from its maintenance as a house of ill fame, and all the rent that was due him thereon to the end of July, 1911; and, that though she continued to occupy the property for some months after July, 1911, she neither paid nor owed him any rent upon the property for these months, as she derived no income thereon from the illicit business for which it was rented.

It is further alleged in the petition that she was and is the owner of a lot of household goods, kitchen furniture, piano and other personal effects, an itemized list of which is filed with and made a part of the petition; that in November, 1911, the appellee Luigart, wrongfully caused to be issued a distress warrant against appellee for rent alleged to be due him from her for the house and lot in question, which the appellee J. P. Embree, a constable of Fayette County, at the instigation and direction of the appellee Luigart, illegally levied upon the household goods, kitchen furniture, piano and other property, belonging to appellant described above; and thereafter, on the 13th of November, 1911, over the objection of the appellant, illegally sold same at public auction; at which sale the appellee Luigart became the pretended purchaser at the price of $225.00, a sum greatly less than its actual value; that the property was then reasonably worth $1,250.00 and the whole thereof was exempt from distress for rent

and also from sale under execution, which fact was at the time well known to the appellees Luigart and Embree, as before its distraint, and again before the sale thereof, they were both so notified by appellant and that she claimed it as exempt property. It is also alleged in the petition that appellant is now and was at the time of the seizure and sale of the property mentioned, a bona fide housekeeper and person with a family, consisting of herself and four infant children; that she had no provisions, including breadstuffs and animal food, to sustain her family for one year or any part of that time; that practically all the property sold by appellees, under the distress warrant, consisted of articles which, under section 1697, Kentucky Statutes, were and are exempt from execution and distress for rent, and should have been specifically set apart to her as a person with a family; and that to the remainder she was and is entitled under the section, supra, in lieu of the provisions for the support of herself and family for the year, which she did not own or have on hand, and which remainder was not of value equal to $40.00 for each member of the family.

It is stated in the brief of counsel for appellant that the demurrer to the petition was sustained on the ground that appellant's only remedy against the distress warrant, was the executing of a bond and presenting her defense to same as pointed out by section 2303, Kentucky Statutes; and that she could not by an action, as here attempted, recover of appellees damages for the illegal seizure and sale of her property. On the other hand, it is contended by counsel for appellees that the demurrer was sustained because, in the opinion of the circuit court, the only remedy of the tenant in such a case, is to execute the bond provided for by section 653 of the Civil Code, and make defense to the distress warrant when judgment is sought by the landlord on the bond; and that a judgment in favor of the tenant in a proceeding on the bond referred to, is a prerequisite to the latter's right to sue to recover damages for the illegal seizure and sale of her property.

Neither of these propositions is sound. As to the first, it is sufficient to say that section 2303, Kentucky Statutes, applies solely to attachments for rent, and, under its provisions, a person in possession of the property attached for rent may, as allowed by section 214, Civil Code, execute bond to the effect that the property

or its value shall be forthcoming and subject to the order
of the court on the trial of the attachment; or the de-
fendant in the attachment may, as allowed by section
221, Civil Code, execute the bond therein mentioned to
perform the judgment of the court, and thereby obtain
a discharge of the attachment and restitution of any
property taken under it or of the proceeds thereof, leav-
ing the attaching landlord to his remedy on the bond.
If the bond be given under section 214, Civil Code, it is
only an obligation for the forthcoming of the property;
but if given under section 221, its effect is to discharge the
attachment and to remove the attached property from
the custody of the court and its officers. In a proceed-
ing to enforce the payment of the bond given under sec-
tion 221, neither the sufficiency of the grounds of at-
tachment, nor the liability of the property levied upon
can be inquired into. On the other hand, the execution
of the bond provided for by section 214, does not prevent
the person giving it, or any claimant of the property,
from setting up his claim thereto and resisting the
grounds of attachment when judgment is attempted to
be obtained on the bond; indeed section 29, Civil Code,
makes it his duty to assert his claim or make his de-
fense. In the event the distress warrant is issued in be-
half of the landlord for rent the tenant may replevy the
amount demanded as provided by section 2310 Kentucky
Statutes, which would prevent him from making any de-
fense to the distress warrant, or he may execute the
bond allowed by section 653, Civil Code, which provides:

"If an officer levy or be about to levy a distress war-
rant upon any property, the tenant, his assignee or
under tenant may exercise, with one or more sufficient
sureties, to be approved by the officer, a bond to the party
in whose favor the warrant issued, to the effect that he
will pay to such party the amount of the rent specified
in the warrant, with ten per cent thereon, if the prop-
erty be of the value of the rent so specified; or, if it be
of less value, that he will pay to such party the value
thereof, and ten per cent thereon. For the purpose of
taking this bond the officer shall cause the property to
be appraised as is provided in section 646. The ap-
praisement shall be annexed and referred to in the bond.
Upon the giving of the bond, the levy, if one have been
made, shall be discharged, and the bond and warrant
shall be returned to some justice of the peace of the
county, if the amount claimed do not exceed fifty dollars;

and, if it exceed that sum, to the clerk's office of the circuit court of the county."

If the bond provided for in section 653, Civil Code, be given by the tenant, he may, when the party to whom the bond is executed shall move the court for a judgment thereon against the obligors, as provided in section 654, Civil Code, "make defense upon the ground that the distress was for rent not due in whole or in part or was otherwise illegal; or, if the property was levied upon, that it was by statute exempt from the levy; and may make any defense, by way of set off or counterclaim that is allowed by the Code in actions."

The remedy thus provided by sections 653 and 654 of the Civil Code is not, however, exclusive. The tenant may not be financially able to give the bond, or he may not wish to do so, and prefer by action to recover damages for the illegal seizure and sale of his property under the distress warrant, as allowed by section 7, Kentucky Statutes, which provides.

"If property be distrained or attached without good cause for suing out such distress or attachment, the owner of such property may, in an action against the party suing out the distress or attachment, recover damages for the wrongful seizure; and if the property he sold, also damages for the sale thereof, and, the defendant's costs, in the distress or attachment including reasonable attorney's fees. In such cases the plaintiff shall not be held to allege or prove malice on the part of the defendant."

It will be observed that this section permits the recovery of damages against the person wrongfully suing out the distress or attachment, and in such case section 2312, Kentucky Statutes, allows the recovery of "double damages for the wrongful seizure, and if the property be sold, for double the value thereof."

The tenant may, however, instead of suing under the statute, bring a common law action for damages against the person wrongfully procuring the distress warrant or attachment and the officer executing same, for the wrongful seizure and sale of his property under the writ; but in such case, the double damages allowed by section 2312, Kentucky Statutes, cannot be recovered. Bell v. Norris, 79 Ky., 48; Garnett v. Jennings, 19 R., 1712. The double damages, or double the value of the property sold, provided for in section 2312, is in the nature of a penalty for which the person wrongfully

suing out the attachment or distress is alone liable. The officer who executes the attachment or distress is only responsible, in any event, for the actual or fair market value of the property, wrongfully seized or sold under the writ.

The petition in the instant case appears to state a cause of action both at the common law and under the statute as against the appellee, Luigart; but the facts alleged, if established by evidence, will also authorize a recovery against the appellee, Embree, the officer executing the distress warrant, as in a common law action, for the wrongful seizure and sale of the property distrained; namely, its fair market value when sold.

Yet another remedy, in addition to those mentioned, that of suing for a recovery of the specific property taken under a distress warrant, is afforded the tenant by section 33, Civil Code, which provides: "An action to recover the possession of specific personal property taken under a distress warrant, if it be brought by the tenant, or his assignee or under tenant, may be against the party who sued out the warrant; and the property claimed in such case may, under an order for its delivery, be taken from the officer who seized it, if he have no other claim to hold it, other than that appearing from the warrant. The endorsement of the levy on the property made upon a warrant by the officer holding it, shall be a sufficient taking of the property to sustain an action against the party who sued out the warrant."

Section 31 allows such an action by the tenant against the officer, taking the property; and section 32, the substitution of the plaintiff in the writ for the officer sued, upon the application either of the plaintiff or defendant, in the distress warrant.

The present action is not, as appellee's counsel seem to think, one to recover damages of appellees for a malicious suing out of a distress warrant, or for the malicious prosecution of a civil action; which can only be maintained after a judgment has been rendered determining that the property seized and sold was not subject to distraint. It is simply an action to recover damages for the wrongful issuance of the distress warrant and the wrongful seizure and sale of appellant's property thereunder; upon the grounds that the appellee, Luigart, was not entitled to the rent claimed, and that the property seized and sold under the distress warrant was exempt under the law. It follows from what we have

said that in sustaining the demurrer to the petition the circuit court erred.

Wherefore, the judgment is reversed and cause remanded with directions to the circuit court to overrule the demurrer, and for further proceedings consistent with the opinion.