GEORGE S. BELL, JR. *vs.* PROVIDENCE GAS COMPANY.

HENRY W. KING *vs.* PROVIDENCE GAS COMPANY.

JUNE 9, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Pleading. Double Damages.*

In order to recover double damages under a penal statute such statute must be declared upon.

Pub. Laws, 1909, cap. 577, Sections 1 and 3, provide that any person causing injury to the public or private fisheries shall be liable in double damages to be recovered in an action of the case.

Plaintiff brought a common law action for injury caused to his oyster beds, without any reference to the statute.

*Held,* that as the damages which plaintiff claimed to have suffered extended over a period both prior to and after the passage of the statute, assuming that plaintiff might be entitled to double damages, such damages would be limited to the time subsequent to the passage of the act and there was

nothing in the record which would enable the court to separate the damages suffered after the passage of the act from those which preceded it, but as plaintiff's declaration disclosed a common law action rather than an action under the statute, motion of plaintiff after verdict that judgment be entered for double damages would be denied.

TRESPASS ON THE CASE.  Heard on motion of plaintiffs that judgment be entered for double damages under the statute and motion denied.

VINCENT, J.  Each of the above named plaintiffs brought his suit in the Superior Court, alleging that the Providence Gas Company had in carrying on its business as a manufacturer of gas discharged into the waters of the Providence river certain deleterious substances which, carried down by the tides, were deposited upon his oyster bed and caused the death of his oysters.

The cases were tried to a jury in the Superior Court and a verdict in each case was rendered for the plaintiff.

Both cases came to this court upon the exceptions of the defendant.  The defendant's exceptions were all overruled, by a majority opinion, and the cases were ordered to be remitted to the Superior Court for judgment on the verdict in one case and for judgment as reduced by the remittitur in the other.

Since the opinions were rendered in these cases sustaining the verdicts the plaintiffs have filed in this court their respective motions asking that the cases be sent back to the Superior Court with a direction to enter judgment for double damages to which they claim they are entitled under Sections 1 and 3, Chapter 577 of the Public Laws, amending Chapter 206 of the General Laws of 1909, which said sections are as follows:

"Section 1.  No person shall deposit in, or allow to escape into, or shall cause or permit to be deposited in, or allowed to escape into any of the public waters of this state, any substance which shall in any manner injuriously affect the growth or sale of the shell-fish in or under said waters, or

which shall in any manner affect the flavor or odor of such shell-fish so as to injuriously affect the sale thereof, or which shall cause any injury to the public and private fisheries of this state."

"Sec. 3. Every person violating any of the provisions of this chapter shall be liable to pay, to the party injured by such violation, double the amount of damages caused thereby, to be recovered in an action of the case in any court of competent jurisdiction. It shall not be necessary, before bringing suit for the recovery of such damages, for a criminal prosecution to have been first instituted for the violation of the provisions of this chapter, nor shall the recovery of damages under this section be a bar to such criminal prosecution."

In neither of the declarations nor in any other papers filed in these cases is there any mention of or reference to this statute and the defendant claims, without contradiction, that at no time from the commencement of the actions, through the trial and down to the hearing upon exceptions in this court, did either of these plaintiffs ever suggest or even intimate that his suit was based upon the statute referred to or that he had any intention of claiming double damages thereunder.

This statute was passed April 13, 1905. The damages which these plaintiffs claim to have suffered extended over a period both prior to and after its passage.

The defendant raises two points: (1) That the statute is penal and cannot be given a retroactive construction and (2) that the plaintiffs not having declared upon the statute they cannot now, after a verdict has been rendered, ask for double damages.

We think these points are well taken. Assuming that the plaintiffs might be entitled to double damages, they would only be entitled to double such portion of the damages as accrued to them, by reason of the unlawful acts of the defendant, subsequent to the passage of the act. This, however, the state of the evidence would not permit the court to

determine. There is nothing in the record which would enable the court to separate the amount of damages suffered, by the acts of the defendant, after the passage of the act from those which had preceded it. The difficulty would be a practical one which would render the court powerless to act.

The general principle that a plaintiff's declaration must be in such form as, and sufficiently explicit, to apprise the defendant of the nature and full extent of his claim is too well settled to be discussed. The plaintiffs, in the suits now under discussion, had the right to proceed under the statute for the recovery of double damages and they also had an equal right to ignore the statute and seek a remedy under the common law. Which of these courses were being pursued by the plaintiffs in their suits must be determined from the record. The record shows them to be simply common law actions to recover damages, without any reference to statute or statutory penalties and we cannot conclude that they are anything more.

The great weight of authority seems to be that in order to recover double damages under a penal statute, such statute must be declared upon. Sedgwick on Damages, 9th Ed., Sec. 1263; Sutherland on Damages, Sec. 464; *Palmer* v. *President, etc., of York Bank,* 18 Me. 166; *Chipman* v. *Emeric,* 5 Cal. 239; *Newcomb* v. *Butterfield,* 8 Johnson (N. Y.) 264; *Bell* v. *Norris,* 79 Ky. 48.

The motion of each of these plaintiffs that the Superior Court be directed to enter judgment for double damages is denied and dismissed.

*A. B. Crafts, James A. Williams,* for plaintiff Bell.

*James A. Williams,* for plaintiff King.

*Harold W. Thatcher, Seeber Edwards, Edwards & Angell,* for defendant.