AMERICAN SURETY & TRUST CO et
v WHITE

Ohio Appeals, 1st Dist, Hamilton Co

No 3977.   Decided Jan 18, 1932

Dolle, O'Donnell & Cash, Cincinnati, for plaintiffs in error.

Merland, O'Meara, Santen & Willging, Cincinnati, for defendant in error.

ROSS, PJ.

It is claimed that the plaintiff in error was not negligent and that the negligence of the driver of the automobile was the sole and proximate cause of the injuries incurred by defendant in error. The record does not support this contention. There being evidence that the truck was driven directly across the street, the vehicle being poorly lighted and obscure, even though there was evidence that an employe upon the truck waved a flash light from the rear of the truck when he saw the collision imminent, and the truck being so operated at a bend in the street around which traffic might be expected at any moment, without any one being placed at a sufficient distance to warn oncoming vehicles, taken into consideration, with the foggy night, and wet street and the fact that the truck was allowed to occupy a large portion of the street, at right angles to the curbs, presents a clear question for the jury as to whether such conduct of the employes of plaintiff in error constituted negligence which was the proximate cause of the injuries of defendant in error, and the finding of the jury cannot be disturbed, even though it be admitted that the driver of the automobile was negligent since such negligence can not be imputed to defendant in error, who was in no way responsible for his acts and was herself free from any negligence.

The charge of the court is criticized, in that the court stated:

"You will deal with both parties as you would expect to be dealt with under like circumstances and will allow the plaintiff such sum as damages, if any you find to be due her, as you find has been shown by the evidence, this amount and no more and no less."

While the statement cannot be approved in its entirety, the court, taking the charge as a whole, clearly stated the rules governing the consideration by the jury of the question of damages, and we are unable to find that the objectionable language constituted such error, prejudicial to plaintiff in error, as to require a reversal of the judgment.

In stating the issues, the court stated that defendant in error charged plaintiff in error with having driven its truck off of the sidewalk at a speed greater than thirty-five miles an hour, when the allegation was that the truck was driven at a speed greater than four miles per hour. As the court followed such erroneous statement immediately with the charge that the burden of proof was upon defendant in error to prove all her charges of negligence by the preponderance of the evidence, and there was no evidence of a speed on the part of the truck greater than eight miles an hour, such erroneous statement was prejudicial to defendant in error rather than to plaintiff in error, especially as the court had previously stated the correct allegation of defendant in error.

It is also urged that the court merely read the pleadings and did not state the issues. This contention, we find not substantiated by a reading of the charge which discloses that while the court did read the pleadings, it further fully stated the issues presented by them in detail to the jury.

We find no error in the record or judgment prejudicial to the plaintiff in error, and the judgment of the Court of Common Pleas will be affirmed.

HAMILTON and CUSHING, JJ, concur.