## Rothenburger, Justice of the Peace, v. Dix.

(Decided May 1, 1934.)

108

WRIGHT & WRIGHT for appellant.
WILLIAM H. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

James C. Rothenburger is justice of the peace in the First magisterial district in Jefferson county. Richard Dix resides in the Seventh magisterial district of that county. On June 6, 1933, Rothenburger, as such justice of the peace, caused to be issued a distress warrant in favor of Albert Bachmann, agent for Finance Mortgage Realty Company, and against the property of Dix. On June 13, 1933, Dix filed a motion in Rothenburger's court to transfer the case to the Seventh magisterial district. The motion was overruled. Thereupon Dix brought this action against Rothenburger for a writ of mandamus compelling him to transfer the action to the Seventh magisterial district. Mandamus was granted, and Rothenburger appeals.

The jurisdiction of justices of the peace is coextensive with the county, Constitution, sec. 142, and any justice of the peace in the county where the land lies may issue a distress warrant directed to the sheriff, marshal of the town, or a constable of the county authorizing such officer to restrain for the amount of rent due, with interest and costs, section 2301, Kentucky Statutes, and the distress warrant may be levied anywhere in the county. Lougee v. Colton & Co., 9 Dana, 123. When a distress warrant is issued, the tenant has several remedies. He may replevy the amount demanded, as provided by section 2310, Kentucky Statutes, in which event he is prevented from making any defense to the distress warrant, Board v. Luigart, 150 Ky. 791, 151 S. W. 9; or he may have the levy discharged by the execution of a bond under section 653,

Civil Code of Practice, or he may give bond and suspend the distress warrant for any part of the rent claimed not to be due, section 658, Civil Code of Practice, and in either event the bond and warrant must be returned to some justice of the peace of the county, if the amount claimed does not exceed $50, or to the clerk's office of the circuit court of the county, if it be in excess of that sum, and he may make whatever defense he has to the claim. Section 654, Civil Code of Practice; Griffith v. Speaks, 111 Ky. 149, 63 S. W. 465, 23 Ky. Law Rep. 561. If he prefers not to do so, or is unable to replevy or to discharge under section 653, Civil Code of Practice, or suspend under section 658, Civil Code of Practice, he may bring an action for the recovery of the property under section 33, Civil Code of Practice, or he may proceed under sections 7 and 2312, Kentucky Statutes, or at common law, to recover damages for wrongfully procuring the distress warrant. If, however, the demand is not replevied within 10 days from the day of the levy, or the sale prevented by other legal procedure, it is the duty of the officer to advertise and sell the property on a credit of three months, and take from the purchaser a bond with good surety for the sale money which he shall return with the warrant, and upon which at maturity, if the same be not satisfied, the officer before whom it is returned, or the clerk of the circuit court, as the plaintiff may direct, shall issue execution to any county which the plaintiff may designate. Section 2309, Kentucky Statutes. Thus it will be seen that the only instance in which a defense may be made, a trial had, and judgment rendered, is where the levy of the distress warrant has been discharged or suspended in part. It is not alleged that the levy has been discharged or suspended in part. All that we have is that the distress warrant was issued, accompanied by the claim that a summons was served on Dix, the service of which was wholly unnecessary. What action the constable who received the distress warrant has taken does not appear. What course he may pursue we do not know. Whether, if Dix had executed proper bond, and had the levy discharged under section 653, Civil Code of Practice, or suspended in part under section 658, Civil Code of Practice, and the distress warrant and bond had been returned to Rothenburger's court, and the landlord moved for judgment in that court, as provided by section 654, Civil Code of Practice, and Dix had made defense, it would have been the duty of Roth-

enburger to transfer the case for trial to the magisterial district in which Dix lived, we deem it unnecessary to decide. Rothenburger had the power to issue the distress warrant, and, so far as the petition discloses, there is nothing before him but the bond and affidavit. In the circumstances, there is nothing to try and nothing to transfer, and mandamus should have been denied.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.