ESKOVITZ v. BERGER.

1. AUTOMOBILES—SKIDDING ON SLIPPERY PAVEMENT.
    Driver of car must keep on right side of road but failure to do so through no fault of his own, such as skidding on a slippery pavement, may excuse failure to comply with the statute (1 Comp. Laws 1929, § 4703).

2. SAME—NEGLIGENCE—RIGHT SIDE OF STREET.
    If skidding across slippery pavement results from negligence of driver, he is liable for consequences of his failure to keep on the right side of the street (1 Comp. Laws 1929, § 4703).

3. SAME—WRONG SIDE OF ROAD.
    Motorist who violates law of the road by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on right side.

4. SAME—NEGLIGENCE—FINDING OF COURT SITTING WITHOUT JURY.
    Showing of negligence on part of plaintiff's driver in case tried without a jury and arising out of automobile accident which occurred in Ohio held, sufficient to permit finding of court that such driver was guilty of negligence proximately causing accident although not guilty of wilful or wanton misconduct in the operation of the car.

5. CONFLICT OF LAWS—RIGHT OF ACTION—REMEDY.

Generally, all matters relating to the right of action are governed by the law of the State where accident happened and all matters relating purely to the remedy by the law of the forum, but such general rule is subject to the exception that the foreign law will not be recognized if contrary to public policy of the forum.

6. AUTOMOBILES—GUEST PASSENGERS—CONFLICT OF LAWS—PUBLIC POLICY—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

Law of Ohio permitting recovery by guest passenger for simple negligence of host motorist *held*, not so contrary to public policy of Michigan as declared by guest passenger act, permitting recovery only in case of host's wilful and wanton misconduct or gross negligence, as to bar recovery in Michigan for accident occurring in Ohio (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Webster (Arthur), J. Submitted April 21, 1936. (Docket No. 23, Calendar No. 38,633.) Decided September 2, 1936.

Three separate actions of case by Rose Eskovitz, Rudy Eskovitz and Morris Joseph against Max Berger and another for personal injuries sustained when automobile overturned. Judgments for plaintiffs. Defendant Berger appeals. Affirmed.

*Leonard Simons,* for plaintiffs.

*Alexander, McCaslin & Cholette,* for defendant Berger.

BUSHNELL, J. These separate actions of three guest passengers against defendant were tried as one before the court without a jury.

On December 4, 1932, Berger and his wife left Detroit for Cleveland, Ohio, in Berger's car, taking with them their friends, Morris Joseph, Rudy Eskovitz and his wife Rose. About 10 or 12 miles east of Toledo, Ohio, the highway was being wid-

ened on the south side by two new strips of concrete, a portion of which was still covered by straw and mud, one of the lanes being open to traffic with signs reading, "Drive Carefully."

Berger drove along the new open lane on the right side of the center of the highway for some distance, then turned over to the left lane. While moving at a speed estimated at from 45 to 52 miles per hour, he saw an approaching vehicle and turned back to the right-hand side of the highway. In doing so, he lost control of his car which skidded into the ditch, tipped over and all of his passengers were injured. The pavement was wet and slippery, the air damp and the atmosphere foggy. The statutory speed limit in Ohio is 45 miles per hour on highways and it is conceded by counsel that under the statutes and decisions of Ohio, it is negligence *per se* to exceed this speed.

The Ohio common law permits recovery against a host for his ordinary negligence. One riding as a guest in an automobile in that State does not assume the responsibilities of the driver and the driver's negligence may not be imputed to him. *Hocking Valley R. Co.* v. *Wykle,* 122 Ohio St. 391 (171 N. E. 860); *American Security & Trust Co.* v. *White,* 42 Ohio App. 272 (181 N. E. 918); *Myers* v. *Railway Co.,* 122 Ohio St. 557 (172 N. E. 666); and see 8 Page's Ohio Digest, § 62, Motor Vehicles. That the law of Ohio has since been changed by statute is suggested but not briefed.

The trial judge found defendant guilty of negligence which was the proximate cause of the accident, but not of wilful or wanton misconduct in the operation of his vehicle. The injuries to the several plaintiffs were separately considered and the court awarded damages to Rose Eskovitz of $500, to her husband Rudy, $1,000, and to Morris Joseph, $100.

Defendant appeals from the several judgments and urges that since the passage of the guest act, 1 Comp. Laws 1929, § 4648, in Michigan, it is against the public policy of this State to permit actions by guests for ordinary negligence even though such actions may be permissible under the *lex loci delicti.* Berger also argues that in any event plaintiffs have not shown that they were not guilty of any negligence which was the proximate cause of the accident.

"It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute (1 Comp. Laws 1929, § 4703; *Chase* v. *Tingdale Bros.,* 127 Minn. 401 [149 N. W. 654]), but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional. Berry on Automobiles (4th Ed.), § 865. 'One cannot be held guilty of negligence in unconsciously failing to keep to the right of the highway, where that is impossible by reason of circumstances over which he has no control, and for which he is in no sense responsible.' 1 Blashfield, Cyclopedia of Automobile Law, p. 414." *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111).

" 'One who violates the "law of the road" by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side.' *Winckowski* v. *Dodge,* 183 Mich. 303, 308." *Paton* v. *Stealy,* 272 Mich. 57.

See, also, *Smith* v. *Ormiston,* 242 Mich. 600.

There was a sufficient showing of negligence to permit the court, sitting without a jury, to deter-

mine the question of negligence and we do not substitute our judgment in this particular unless the facts clearly preponderate in the opposite direction. *Leonard* v. *Hey, supra.* The finding of negligence is supported by the testimony.

The accident having happened in Ohio, and the action having been brought in Michigan, the general rule is applicable that all matters relating to the right of action are governed by the laws of Ohio and all matters relating purely to the remedy by the laws of Michigan. *Edison* v. *Keene,* 262 Mich. 611, and *Hazard* v. *Great Central Transport Corp.,* 270 Mich. 60. See *Young* v. *Masci,* 289 U. S. 253 (53 Sup. Ct. 599, 88 A. L. R. 170).

Much has been written on the enforcement of transitory actions and the theory underlying decisions in such matters has been variously explained on the grounds of "comity" and "vested rights." See, *Loucks* v. *Standard Oil Co. of New York,* 224 N. Y. 99 (120 N. E. 198) ; *Slater* v. *Railroad Co.,* 194 U. S. 120 (24 Sup. Ct. 581) ; *Cuba R. Co.* v. *Crosby,* 222 U. S. 473 (32 Sup. Ct. 132, 38 L. R. A. [N. S.] 40) ; *Spokane & Inland Empire R. Co.* v. *Whitley,* 237 U. S. 487 (35 Sup. Ct. 655, L. R. A. 1915 F, 736) ; Goodrich, Conflict of Laws, p. 196; Minor, Conflict of Laws, p. 9; 1 Wharton, Conflict of Laws (3d Ed.), p. 14; 12 C. J. p. 439, § 15; 5 R. C. L. p. 908 *et seq.,* § 3 *et seq.;* and Beach, Uniform Interstate Enforcement of Vested Rights, 27 Yale Law Journal, p. 656.

Under any theory of enforcement there is the well-established exception that the foreign law will not be recognized if contrary to the public policy of the forum.

We shall not repeat that which was so recently stated at length regarding "public policy" in *Skutt* v. *City of Grand Rapids,* 275 Mich. 258, pp. 263–265.

A somewhat comparable situation was considered by this court in *Rick* v. *Saginaw Bay Towing Co.,* 132 Mich. 237 (102 Am. St. Rep. 422, 13 Am. Neg. Rep. 342). In that case, an injury to a workman occurred in Canada where the statute dispensed with the immunity to an employer from liability for the negligence of a fellow servant. It was contended that such a statute was contrary to the public policy of this State. We said:

"Authorities may be found which, perhaps, will sustain this contention in its entirety; but the tendency of the modern decisions is to hold that, before the court of any State is justified in refusing to enforce a right of action accruing under the laws of any other State or country, it must appear that such right is against good morals or natural justice, or that for some other reason an enforcement of it would be prejudicial to the general interest of the citizens of the State of the forum, and that it does not follow that, because the statute differs from the law of the forum, it is contrary to the public policy of the State, within the meaning of this rule. See, 22 Am. & Eng. Enc. Law (2d Ed.), 1379, 1380; Rorer, Interstate Law (2d Ed.), p. 217 *et seq.; Dennick* v. *Railway Co.,* 103 U. S. 11; *Hanna* v. *Railway Co.,* 41 Ill. App. 116. For an able and learned opinion, reviewing the authorities, see *Herrick* v. *Railway Co.,* 31 Minn. 11 (16 N. W. 413, 47 Am. Rep. 771).

"Defendant's counsel cite and rely upon the case of *Bettys* v. *Railway Co.,* 37 Wis. 323, which was decided in connection with *Anderson* v. *Railway Co.,* 37 Wis. 321. The court in *Herrick* v. *Railway Co.,* refuse to follow the latter case, and point out, we think very clearly, that by the weight of modern authority the rule contended for by the plaintiff in this case is the prevailing rule. We hold, therefore, that the plaintiff's rights are to be determined by the law of Canada. See *Wingert* v. *Wayne Cir-*

*cuit Judge,* 101 Mich. 395; *Turner* v. *St. Clair Tunnel Co.,* 111 Mich. 578 (36 L. R. A. 134, 66 Am. St. Rep. 397)."

Our statute does not permit recovery by a guest passenger against his host unless the "accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator" of the motor vehicle. 1 Comp. Laws 1929, § 4648. At the time of the accident in question, Ohio did not have a similar statute, but as said by Mr. Justice Cardozo in *Loucks* v. *Standard Oil Co. of New York, supra,* p. 111:

"We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home."

Prior to the enactment of our guest statute, the law of Michigan was the same as Ohio. See, *Roy* v. *Kirn,* 208 Mich. 571.

We agree with the reasoning of the learned trial judge, who said:

"In a certain sense it may be said that the legislature has declared it to be against the public policy of the State to allow a guest to recover damages against his host except in case of gross negligence and so forth, but it seems to me there is another view to be taken of the law, namely, that at common law as construed by the courts of our own State, a guest is permitted to sue his host in all cases of negligence, and the legislature of our State has simply taken away one incident of this right, namely the right to sue in case of simple negligence, allowing it to remain in case of gross negligence, or wilful and wanton misconduct. Under such a view of the legislative act, it would not seem to me that it can be said to be such a settled policy of the forum as to prevent foreign laws to the contrary being given

effect; and this view is strengthened by the fact that our own court permitted a recovery on the basis of ordinary negligence which occurred before the act of the legislature of 1929, but was sued upon after that act went into effect. If the strict wording of the act itself were to be followed, then at the time the action was pending in court the legislature had declared that the plaintiff 'shall have no cause of action.' However, the plaintiff was allowed to recover on the ground of simple negligence (see *Devlin* v. *Morse,* 254 Mich. 113)."

This view of the problem as presented by the facts of the instant case finds support in the following jurisdictions:

An accident in Oklahoma was sued upon in California and the court said:

"The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors, unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal (*Loucks* v. *Standard Oil Co. of New York,* 224 N. Y. 99, 111 [120 N. E. 198])." *Loranger* v. *Nadeau,* 215 Cal. 362 (10 Pac. [2d] 63, 84 A. L. R. 1264).

The guest act of Iowa was held not to bar recovery on a cause of action arising in Illinois where no such statute existed. *Redfern* v. *Redfern,* 212 Iowa, 454 (236 N. W. 399).

For injuries received in New Hampshire and sued upon in Massachusetts, see *Hall* v. *Hamel,* 244 Mass. 464 (138 N. E. 925), and for a suit in Kansas upon an Oklahoma injury, see *Pool* v. *Day,* 141 Kan. 195 (40 Pac. [2d] 396).

Appellants rely upon *Hudson* v. *Von Hamm,* 85 Cal. App. 323 (259 Pac. 374), but this case is not

only severely criticized as a step backward in 13 Cornell Law Quarterly, p. 266, 26 Michigan Law Review, p. 439, and 12 Minnesota Law Review, p. 289, but it is held to be neither applicable nor controlling by *Loranger* v. *Nadeau, supra.*

We have also considered appellant's claim of applicability of *Chambers* v. *Railroad Co.,* 207 U. S. 142 (28 Sup. Ct. 34), an appeal from Ohio. That case deals primarily with the matter of discrimination against citizens of another State. Plaintiff and her husband who received injuries in Pennsylvania, resulting in his death, were both residents of that State. Pennsylvania had a death act, but Ohio had none. No action was permissible in Ohio under its common law, but by statute, action might be had in Ohio for the unlawful death of its citizens in another State, provided such action was permitted in the other State. The holding that this statute did not permit action by the citizens of Pennsylvania was affirmed on review in the cited opinion. Notwithstanding defendant's claim of its force, this opinion is clearly inapplicable to the solution of our problem.

The conclusions of the trial judge accord with our views and the judgments of the circuit court are affirmed, with costs to appellees.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.