KAISER *v.* NORTH.

1. CONFLICT OF LAWS—TORT—LIABILITY DETERMINED BY LAW OF PLACE OF INJURY.

> The liability for an alleged tort is determined by the law of the place of injury regardless of the law of the forum in which an action therefor is instituted.

2. SAME—CHARACTER OF ACT DETERMINED BY LAW WHERE DONE.

> Whether the character of an act is lawful or unlawful must be determined wholly by the law of the country where the act is done.

3. SAME—PUBLIC POLICY—DENIAL OF RIGHT OF ACTION TO GUEST PASSENGER IN AUTOMOBILE.

> Ontario statute denying right of action to guest passengers against owners of negligently operated automobile may not be held ineffective in action between residents of this State arising out of accident occurring in Ontario because it violates either the Constitution of the United States or of this State in deny-

ing due process or equal protection of law or denies plaintiffs in such cases the right to trial by jury as neither our constitutional nor our statutory laws have extraterritorial force where such foreign law does not conflict with our public policy (U. S. Const. Ams. 7, 14; Mich. Const. 1908, art. 2, §§ 13, 16; 3 Ontario Rev. Stat. 1937, chap. 288, § 47; 1 Comp. Laws 1929, § 4648).

4. Same—Sovereignty—Comity.

No law has any effect of its own force beyond the limits of the sovereignty from which its authority is derived and every person who is found within the limits of a government, whether temporarily or as a resident, is bound by its laws so far as they are applicable to him, the doctrine of comity being the basic principle in the solution of questions of the conflict of laws.

5. Constitutional Law—Jury Trial—Right of Action.

Deprivation of the right to trial by jury is of no consequence except it is first established that one has a cause of action to be tried (U. S. Const. Am. 7; Mich. Const. 1908, art. 2, § 13).

6. Same—Future Tort Action Not Property—Abrogation by Legislature.

A right of action for a tort to happen in the future is not property, and may be abrogated by the legislature.

7. Conflict of Laws—Abolition of Right of Action for Future Tort.

After abolition of a right of action for a future tort by a legislature no recovery can be had thereafter on such a claim in another State.

8. Constitutional Law—Public Policy—Conflict of Laws—Automobiles—Guest Passengers.

Statute of Ontario denying a guest passenger in an automobile the right to recover for injuries sustained through its negligent operation in that province is not unconstitutional class legislation nor does it contravene the public policy of this State (U. S. Const. Am. 14; 3 Ontario Rev. Stat. 1937, chap. 288, § 47; 1 Comp. Laws 1929, § 4648).

9. Same—Automobiles—Class Legislation.

The use of automobiles clearly constitutes a distinct phase of activity and may properly be classified by itself and the rights and duties incident thereto may be regulated by appropriate legislation.

10. AUTOMOBILES—ONTARIO—STATUTES—GUEST PASSENGERS.

The fact that Michigan statutory regulations of the rights of an automobile guest passenger differ from those of Ontario or of the common law is not a reason for holding the statute of Ontario denying any right of action to guest passenger as in contravention of the public policy of this State (3 Ontario Rev. Stat. chap. 288, § 47; 1 Comp. Laws 1929, § 4648).

11. SAME—GUEST PASSENGERS—ONTARIO—STATUTES.

Circuit judge properly granted defendants' motions to dismiss plaintiffs' declarations in actions for injuries sustained in Ontario while they were guest passengers in defendants' car in view of Ontario statute denying a right of action against an owner by guest passenger (3 Ontario Rev. Stat. 1937, chap. 288, § 47).

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted October 3, 1939. (Docket Nos. 14–17, Calendar Nos. 40,500–40,503.) Decided December 20, 1939.

Separate actions of case by Margaret Kaiser, Mary Louise Kaiser, a minor, by Margaret Kaiser, her next friend, Margaret Mary Kaiser, a minor, by Margaret Kaiser, her next friend, and Anthony Kaiser, a minor, by Margaret Kaiser, his next friend, against William J. North, Sr., and William J. North, Jr., a minor, for damages for personal injuries sustained while passengers in defendants' automobile. Cases dismissed. Plaintiffs appeal. Cases consolidated for appeal. Affirmed.

*Vandeveer, Vandeveer & Haggerty,* for plaintiffs.

*Leo H. Robb* and *Frederick C. Wardle (Julien Winterhalter,* of counsel), for defendants.

NORTH, J. In these cases plaintiffs seek to recover damages alleged to have been sustained in consequence of the negligent manner in which an

automobile belonging to the defendant, William J. North, Sr., was driven by his son, the defendant William J. North, Jr. The litigants reside in Detroit, Michigan; but the accident happened in the province of Ontario, Canada. In each of these cases the declaration, as amended, contains two counts. In the first count only ordinary negligence is alleged, but in the second count defendants are charged with gross negligence and wilful and wanton misconduct. And plaintiffs alleged that the parties who suffered physical injuries from the automobile accident were guest passengers. Defendants made a motion in each case to dismiss for the reasons hereinafter noted. These motions were granted and plaintiffs have appealed.

In part the reasons assigned in support of the motion to dismiss were as follows:

"Because the plaintiff's said amended declaration does not establish a cause of action under the laws of the Province of Ontario, Canada, for the reason that plaintiff's amended declaration alleges that plaintiff was a guest passenger in defendants' automobile.

"Because the statutes of the Province of Ontario, Canada, do not provide a cause of action for injuries suffered by persons while riding as guest passengers in an automobile against the owner or driver of such automobile, but on the contrary the statutes of the Province of Ontario, Canada, specifically provide that such guest passengers shall not have any right of action against the owner or operator of an automobile for injuries suffered while riding as such guest passengers of the owner or operator."

The pertinent portion of the revised statutes of Ontario read:

"Sec. 47. (1) The owner of a motor vehicle shall be liable for loss or damage sustained by any person

by reason of negligence in the operation of such motor vehicle on a highway unless such motor vehicle was without the owner's consent in the possession of some person other than the owner or his chauffeur, and the driver of a motor vehicle not being the owner shall be liable to the same extent as such owner. 1930 Ontario Stat. chap. 48, § 10.

"(2) Notwithstanding the provisions of subsection 1, the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting onto, or alighting from such motor vehicle. 1935 Ontario Stat. chap. 26, § 11." 3 Ontario Rev. Stat. 1937, chap. 288.

Appellants in support of their contention that the trial judge erred in dismissing their respective suits in consequence of the above-quoted statutory provisions urge that these provisions of the Ontario statute contravene articles 7 and 14 of the amendments to the Constitution of the United States and also article 2, § 13 of the Constitution (1908) of this State, "by depriving plaintiffs of trial of their causes of actions by jury" and by depriving them of due process and equal protection of the law. Appellants further assert that the quoted Ontario statutory provisions offend against public policy of this State because the statute constitutes an arbitrary discrimination against a particular class of persons, and because it arbitrarily abolishes causes of action granted the citizens of this State under the common law and under its statutory law.* For the reasons just above indicated appellants assert that the stat-

---

* See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), for statute permitting a guest passenger a right of action in certain circumstances.—REPORTER.

utory provisions of Ontario should not be applied in the trial of these suits in this State.

Section 2 of the Ontario statute is so plain in its terms it could scarcely be asserted that these plaintiffs could successfully prosecute these suits in the courts of Ontario. And regardless of the forum in which an action of this character is instituted, the liability for the alleged tort is determined by the place of injury.

"The question of whether or not an act gives rise to a civil liability for tort depends on the law of the place where it is committed." 12 C. J. p. 452.

"The general and almost universal rule is that the character of an act as lawful or unlawful must be determined wholly by the law of the country where the act is done." *American Banana Co.* v. *United Fruit Co.*, 213 U. S. 347, 356, 357. (29 Sup. Ct. 511, 16 Ann. Cas. 1047).

See, also, *Eskovitz* v. *Berger,* 276 Mich. 536.

Appellants' contention that the Ontario statute should be held to be ineffective because it is violative of the noted provisions of the Constitution of the United States and of the Constitution of this State, and also because it deprives plaintiffs in cases of this character of trial by jury, cannot be sustained. Neither our constitutional laws nor our statutory laws are of extraterritorial force as applied to a case of this character.

"It is obvious that no law has any effect of its own force beyond the limits of the sovereignty from which its authority is derived. Conversely, every person who is found within the limits of a government, whether for temporary purposes or as a resident, is bound by its laws so far as they are applicable to him. It follows that the doctrine of comity is the basic principle on which the solution

of all questions of the conflict of laws must rest."
12 C. J. p. 434.

Hence the validity of the statutory law of Ontario
is not tested by either the constitutional or statutory
law of this jurisdiction; provided the foreign law
does not conflict with our public policy, a question
hereinafter considered. And the matter of appel-
lants being deprived of a right to trial by jury is
obviously of no consequence except it is first estab-
lished that they have a cause of action to be tried.
In *Peoples Wayne County Bank* v. *Wolverine Box
Company,* 250 Mich. 273 (69 A. L. R. 1024), we said,

"If there are not issues of fact to be determined,
one is not entitled in a civil case to trial by jury.
*In re Peterson,* 253 U. S. 300 (40 Sup. Ct. 543)."

In the instant case there appears to be no con-
troversy as to each of the appellants being entitled
to a trial by jury if the pleadings disclose a cause of
action.

If the quoted Ontario statute provided for plain-
tiffs a right of action which did not exist in this ju-
risdiction, the question might then arise as to
whether such right of action contravened public
policy in this State. *Kircher* v. *Kircher,* 288 Mich.
669. But such is not the question presented by the
instant case. Instead these plaintiffs are asserting
a right of action which does not exist under the
laws of Ontario, the *lex loci delicti.* The Ontario
statute was enacted prior to the accident here in-
volved. We have said:

"A right of action for a tort to happen in the fu-
ture is not property, and may be abrogated by the
legislature." *Naudzius* v. *Lahr,* 253 Mich. 216 (74
A. L. R. 1189, 30 N. C. C. A. 179), citing cases.

Likewise a right of action for a future tort could be abolished in that jurisdiction by the legislature of Ontario. Such is the almost uniform holding of courts and text writers.

"If there is a defense on the merits to the plaintiff's claim *by the law of the place of wrong,* no recovery can be had on the claim in another State." Restatement of Conflict of Laws, chap. 9, § 388, p. 476.

"If by the law of the place where the defendant caused an event to happen this event created no right of action in tort, no action can be brought on account of the event in another State although it would create a cause of action by the law of that other State: *whether by the common law. or by a statute.*" Beale on The Conflict of Laws (1st Ed.), § 378.4, pp. 1290, 1291.

To the same effect see Goodrich on Conflict of Laws (1st Ed.), § 92, p. 188; 15 C. J. S. 865, 899.

"The theory of the foreign suit is that although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an *obligatio,* which, like other obligations, follows the person, and may be enforced wherever the person may be found. * * * But as the only source of this obligation is the law of the place of the act, it follows that that law determines not merely the existence of the obligation, *Smith* v. *Condry,* 1 How. (42 U. S.) 28, but equally determines its extent." *Slater* v. *Railroad,* 194 U. S. 120, 126 (24 Sup. Ct. 581).

There is no merit to appellants' contention that the quoted Ontario statute is class legislation and therefore should be held to contravene the public policy of this State. It is now well settled in the law governing motor vehicles that the use of such vehicles clearly constitutes by itself a distinct phase of

activity, that it may properly be classified by itself, and the rights and duties incident thereto may be regulated by appropriate legislation.

"It would be threshing old straw to discuss the accepted fact that the motor car has presented social, financial, and governmental problems which justify the legislature in reasonably classifying it apart from other vehicles in the enactment of laws. L. R. A. 1918 D, 134, note." *Naudzius* v. *Lahr, supra.*

As Justice Cardozo stated in *Loucks* v. *Standard Oil Company of New York,* 224 N. Y. 99 (120 N. E. 198):

"We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home."

The fact Michigan statutory regulations of the rights of a motor vehicle guest passenger may differ from Ontario statutory provisions, or even the provisions of the common law governing like rights, is not a reason for holding the statute of the foreign jurisdiction contravenes public policy here.

The circuit judge was correct in granting defendants' motions to dismiss these cases; and the judgments entered in the circuit court are affirmed. Costs to appellees.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.