PUSQUILIAN v CEDAR POINT, INC

1. LIMITATION OF ACTIONS—CONFLICT OF LAWS.

The applicable statute of limitations, when a tort claim accrues outside of Michigan, is either Michigan's or that of the place where the claim accrues, whichever is shorter (MCLA 600.5861).

2. LIMITATION OF ACTIONS—CONFLICT OF LAWS—RECIPROCITY.

Reciprocity is not fundamental to the operation of the Uniform Statute of Limitations on Foreign Claims Act and is irrelevant to the application of the act in the forum state because reciprocity is not expressly required in the act itself (MCLA 600.5861).

3. CONSTITUTIONAL LAW—EQUAL PROTECTION—RATIONAL BASIS—FORUM SHOPPING.

The prevention of forum shopping is a rational basis for the application of the Uniform Statute of Limitations on Foreign Claims Act and where such rational basis exists, there is no invidious discrimination nor denial of equal protection of the law.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 April 5, 1972, at Detroit. (Docket No. 10712.) Decided June 26, 1972. Leave to appeal denied, 388 Mich 776.

Complaint by Jessie Pusquilian and Peter Pusquilian against Cedar Point, Inc., for negligence. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 106.
[2] 51 Am Jur 2d, Limitation of Actions § 404.
[3] 51 Am Jur 2d, Limitation of Actions § 27.

*Haig Avedisian,* for plaintiff.

*Harvey, Kruse & Westen,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. Plaintiffs, Jessie B. and Peter Pusquilian, appeal an accelerated judgment of dismissal entered in the Wayne County Circuit Court pursuant to GCR 1963, 116 in favor of defendant, an Ohio corporation.

Plaintiffs are residents of Dearborn, Michigan. Defendant operates a private, profit-making amusement park in Sandusky, Ohio. Plaintiff Jessie B. Pusquilian claims that on July 13, 1967, she purchased in Michigan an admission ticket to defendant's amusement park and that she was injured in Ohio while using one of the facilities provided by defendant when the seat she occupied collapsed.

This suit was commenced in the Wayne County Circuit Court on July 13, 1970. On August 5, 1970, defendant moved for an accelerated judgment of dismissal pursuant to GCR 1963, 116. The bases of the motion were that the court lacked jurisdiction over the defendant and that the cause of action was barred by the statute of limitations. The trial court was directed to the Michigan "borrowing" statute, MCLA 600.5861; MSA 27A.5861, and the Ohio statute of limitations, ORCA 2305.10. The parties agreed that Ohio's statute of limitations for causes of action of the nature asserted in this case was two years, and that this suit was commenced in Michigan beyond two years but within Michi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

gan's three-year statute of limitations. MCLA 600.5805(7); MSA 27A.5805(7). The trial judge granted defendant's motion. Plaintiff's motion to set aside the accelerated judgment of dismissal was denied.

Michigan law is well settled. Liability for an alleged tort is governed by the substantive law of the place of injury. *Kaiser v North,* 292 Mich 49 (1939); *Abendschein v Farrell,* 382 Mich 510 (1969). However, where the statute of limitations relates only to "remedy" and not "right", Michigan holds that the limitations period for bringing a suit is governed by the law of the forum. *Home Life Insurance Co v Elwell,* 111 Mich 689 (1897); *Dowse v Gaynor,* 155 Mich 38 (1908); *Fries v Holland Hitch Co,* 12 Mich App 178 (1968); *Maki v George R Cooke Co,* 124 F2d 663 (CA 6, 1942); *Baldwin v Brown,* 202 F Supp 49 (ED Mich, 1962); *Lewis v Food Machinery & Chemical Corp,* 245 F Supp 195 (WD Mich, 1965).

If our inquiry ended here, the Michigan three-year statute of limitations, MCLA 600.5805(7); MSA 27A.5805(7), would clearly apply. Michigan, however, has adopted the Uniform Statute of Limitations on Foreign Claims Act (hereinafter "Act"), MCLA 600.5861; MSA 27A.5861. Ohio does not have a similar statute. The Act reads as follows:

"Sec. 5861. (1) As used in this section, 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

"(2) The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

"(3) The periods of limitation prescribed in this section apply only to a claim upon which action is com-

menced more than 1 year after the effective date of this act.

"(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

"(5) This section may be cited as the uniform statute of limitations on foreign claims act."

Under subsection 2, when a claim accrues outside of Michigan, the applicable statute of limitations is either Michigan's or that of the place where the claim accrues, whichever is shorter. Therefore if the Act applies, the Ohio statute of limitations governs and plaintiffs are barred from bringing suit in Michigan.

Plaintiffs claim that the Act does not apply when the other forum involved has not enacted it. They contend that to apply the Act in such a case would be to contravene the general purpose set out in subsection 4 of making uniform the laws of each state which has enacted it. The thrust of this argument is that the Act applies only when the foreign state has reciprocally agreed to apply the shorter statute of limitations. We do not agree that reciprocity is fundamental to the operation of this Act.

Our research has not revealed any case on point under this Act. Subsection 4, however, is found in many uniform laws promulgated by the National Conference of Commissioners on Uniform Laws. See, *e.g.,* Uniform Simultaneous Death Act,[1] § 7, 9C ULA 160; Uniform Securities Ownership by Minors Act, § 4, 9C ULA, 1967 Cum Supp 85. The problem before us has been considered by some courts in dealing with other uniform laws. *Ex parte Morgan,* 86 Cal App 2d 217; 194 P2d 800 (1948) (Uniform Criminal Extradition Act); *Abram-*

---

[1] MCLA 720.101; MSA 27.3178(621).

*son v Abramson,* 161 Neb 782; 74 NW2d 919 (1956)
(Uniform Judicial Notice of Foreign Law Act).
These cases held that reciprocity is not fundamen-
tal to a uniform act's operation and that whether
a foreign state has adopted the Uniform Act is
irrelevant to its operation in the forum state,
unless reciprocity is expressly called for in the act
itself.[2] The *Abramson* court reasoned that the
Uniform Act in question, when enacted in Ne-
braska, became a Nebraska law applicable to any
action brought in a Nebraska court seeking to
enforce rights based on the common or statutory
law of any other state, whether or not that state
had enacted the same law. The same reasoning
applies in this case.

There is nothing in the Uniform Statute of
Limitations on Foreign Claims Act which calls for
reciprocal action by the foreign state as a prere-
quisite to its application in Michigan. The Act was
drafted to bring a uniform approach to the prob-
lems it deals with. Vernon, *Report on the First
Tentative Draft of the Uniform Statute of Limita-
tions on Foreign Claims Act,* 3 Wayne L Rev 187
(1957). See, also, Proyect, *A Study of Uniform
Statute and the Present State of the Law Limiting
Claims Arising in Foreign States,* 4 Wayne L Rev
123 (1958). The approach suggested by plaintiffs
would only serve to bring more confusion to the
problem rather than simplifying it. Subsection 4,
on which plaintiffs rely, does not call for a con-
trary result. It merely calls for a uniform interpre-
tation of the Act in those states which adopt it so
that if and when the Act is adopted by all the

---

[2] The Uniform Act to Secure the Attendance of Witnesses from
Without a State in Criminal Proceedings, 9 ULA 86, is an example of
a uniform act expressly requiring reciprocity between the states
involved for it to operate. See *State v Blount,* 200 Or 35; 264 P2d 419
(1953); *State v Jordan,* 83 Ariz 248; 320 P2d 446 (1958).

states, parties will know with some certainty the approach the courts will take to the problem dealt with.

Plaintiffs would have us believe that the statute as applied to them is an invidious discrimination denying them equal protection of the laws. They argue that merely crossing a state boundary line is not a rational basis consistent with the purposes of the Act for denying Michigan residents, who are victims of tortious wrongs in Ohio, the benefit of the Michigan statute of limitations.

The Legislature may establish classifications which bear a reasonable relationship to the purpose of the statute enacted. *Fox v Employment Security Commission,* 379 Mich 579 (1967). The principal purpose of the Act is to prevent forum shopping. *Wilson v Eubanks,* 36 Mich App 287 (1971).

Where, as here, the foreign statute of limitations governs, equal treatment is provided in the forum state as well as in the state of injury to all persons having causes of actions which arose in the foreign state, insofar as the statute of limitations is concerned. On the other hand, when the forum's statute of limitations governs because it is shorter, the Act puts all plaintiffs suing in the forum on the same plane.

The Act may not be the wisest way to handle this problem, but there is a rational basis for it; there is no invidious discrimination. Plaintiffs were not denied equal protection of the laws. The Ohio two-year statute of limitations is applicable to this cause of action. Plaintiffs' action is barred.

Affirmed.

All concurred.