SHAMIE v SHAMIE

LIMITATION OF ACTIONS—CHOICE OF LAWS—FOREIGN CLAIM.

> The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim; the tort limitation period in Illinois where the accident occurred is two years, in Michigan the limiting statute is three years, therefore plaintiffs' failure to commence their action for an accident occuring in Illinois within the two-year period prescribed by the Illinois law forecloses any further consideration of their claims by the Michigan courts (MCLA 600.5861[2]).

Appeal from Kent, George V. Boucher, J. Submitted Division 3 January 3, 1973, at Grand Rapids. (Docket No. 14290.) Decided March 2, 1973. Leave to appeal denied, 390 Mich 757.

Complaint by Abraham Shamie and Marilyn Shamie against Isaac Shamie for damages arising out of an automobile accident. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

*Wilson, Portnoy, Basso, Keller & Avadenka,* for plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer* (by *Timothy I. Miner),* for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

51 Am Jur 2d, Limitation of Actions § 66 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Plaintiffs appeal an accelerated judgment for defendant barring their claims under a statute of limitations.

The action was commenced by complaint filed November 12, 1971, alleging all parties were residents of the State of Michigan and claiming personal injury and property damages proximately caused by the negligent operation by defendant of a motor vehicle in an automobile accident on July 13, 1969, in Chicago, Illinois.

The tort limitation period in Illinois where the accident occurred is two years. In Michigan the limiting statute is three years. MCLA 600.5805; MSA 27A.5805.

The Michigan statute, MCLA 600.5861(2); MSA 27A.5861(2), provides:

"The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim."

Plaintiffs' contention is that they are not bound by the statute. However, the two following authorities are dispositive of the issue.

Recently we interpreted this statute in *Pusquilian v Cedar Point, Inc,* 41 Mich App 399, 402 (1972):

"Under subsection 2, when a claim accrues outside of Michigan, the applicable statute of limitations is either Michigan's or that of a place where the claim accrues, whichever is shorter."

Although reversed on other grounds a case which more closely resembles the one at bar insofar as the parties are concerned is *Hill v Clark Equipment Co,* 42 Mich App 405, 407 (1972):

"The accident occurred in Alabama. *Abendschein v*

*Farrell,* 382 Mich 510 (1969), obliges us to apply the *lex loci*—in this case, the substantive law of Alabama. The Uniform Statute of Limitations on Foreign Claims Act (MCLA 600.5861; MSA 27A.5861) obliges us to apply the Alabama statutes of limitations because under that enactment of the Michigan Legislature the limitational period prescribed by the law of the place where the claim accrued or by the law of Michigan—whichever bars the claim—controls."

Plaintiffs' failure to commence their action within the two-year period prescribed by the Illinois law forecloses any further consideration of their claims.

Affirmed. Costs to defendant.