SWEENEY v SWEENEY

1. TORTS—NEGLIGENCE—PARENT AND CHILD—PARENTAL IMMUNITY.
   The doctrine of parental immunity has been abolished in Michigan.

2. TORTS—RIGHT OF ACTION—LEX LOCI DELICTI—CASE PRECEDENT—PARENTAL IMMUNITY—AUTOMOBILES—JUDGMENT—SUMMARY JUDGMENT.
   Michigan has consistently held that a right of action for tort is determined by the law of the state where the accident has occurred; therefore, where a plaintiff was injured in Ohio in a single-car accident with the car being driven by her father, Ohio's doctrine of parental immunity in tort actions prevents the plaintiff from bringing suit against the father and the lower court correctly granted summary judgment for the defendant father.

3. COURTS—DICTA—CASE PRECEDENT.
   The Court of Appeals will not seize upon dictum as a means of overruling prior decisions of the Supreme Court; dictum is not, and should not be considered to be the establishment of a rule of law.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 16, 1976, at Lansing. (Docket No. 26772.) Decided September 28, 1976. Leave to appeal applied for.

Complaint by Michele Sweeney, a minor, by her next friend Alex Kresten, against Jimmie A. Sweeney for damages for personal injuries suffered in a car accident. Summary judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parent and Child § 151 *et seq.*
[2] 16 Am Jur 2d, Conflict of Laws §§ 71, 72.
[3] 5 Am Jur 2d, Appeal and Error § 753.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.* (by *Melissa N. Lee),* for plaintiff.

*Douvan & Harrington* (by *Gordon J. Barnett, Jr.),* for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

D. ANDERSON, JR., J. On September 4, 1972, an automobile owned and operated by the defendant, Jimmie A. Sweeney, domiciled in Michigan was involved in a single car accident in the State of Ohio, resulting in injury to defendant's daughter. This action was brought in Michigan by the daughter against her father.

Defendant moved for accelerated judgment on the ground that Ohio law follows the doctrine of parental immunity. The trial court held that Ohio law controlled, and granted defendant's motion. Plaintiff appeals.

The doctrine of parental immunity has been abolished in Michigan. *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972). It is followed in Ohio. *Teramano v Teramano,* 6 Ohio St 2d 117; 216 NE2d 375 (1966).

Michigan has consistently held that a right of action for tort is determined by the law of the state where the accident occurs. *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), *Kaiser v North,* 292 Mich 49; 289 NW 325 (1939).

Plaintiff urges that an exception has been created in cases involving inter-family litigation, relying on dicta in *Abendschein* and upon the case of *Branyan v Alpena Flying Service, Inc.* 65 Mich App 1; 236 NW2d 739 (1975).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Dictum is not, and should not be considered to be the establishment of a rule of law, particularly in such important areas as are here involved, since it does not result from a full presentation and consideration of all of the factors involved. Certainly this Court should not and will not seize upon dictum as a means of overruling the prior decisions of the Supreme Court.

*Branyan* is clearly distinguishable from the case at bar. In *Branyan* no question as to the existence of a cause of action was presented. *Branyan* dealt only with a limitation on the amount to be recovered, conceding the existence of a cause of action. The present case concerns the very existence of a cause of action, and Ohio has determined that under the facts of this case no cause of action exists.

This case is of the same general classification as those arising under the Uniform Statute of Limitations on Foreign Claims Act, MCLA 600.5861; MSA 27A.5861, requiring the application of a shorter statute of limitations in a foreign jurisdiction to actions brought in Michigan courts. *Wilson v Eubanks,* 36 Mich App 287; 193 NW2d 353 (1971), *Waldron v Armstrong Rubber Co,* 54 Mich App 154; 220 NW2d 738 (1974).

The trial court properly granted defendant's motion for summary judgment.

Affirmed.