TURNER v FORD MOTOR COMPANY

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—BORROWING STATUTE—CLAIMS ACCRUING OUTSIDE THE STATE—STATUTES.

Michigan's borrowing statute provides in part that the period of limitation applicable to a claim accruing outside of the state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim; therefore, a products liability claim for personal injury which accrued in the state of Georgia, which has a two-year limitation period, would be barred in Michigan courts where the action was commenced after the two-year period had run, even though the action was started within Michigan's three-year limitation period for such actions (MCLA 600.5861[2]; MSA 27A.5861[2]).

2. LIMITATION OF ACTIONS—BORROWING STATUTE—LOSS OF CONSORTIUM—DERIVATIVE CLAIM.

An action for loss of consortium which is derivative of a products liability personal injury action which accrued in Georgia is not barred in Michigan courts where the action was commenced within the four-year limitation period provided by Georgia law for such actions and within Michigan's three-year limitation period; there is no inconsistency in barring a wife's personal

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 201, 306.

Construction, application, and effect, with reference to statutory causes of action, of statute of forum which admits bar of statute of limitations of other state. 67 ALR2d 216.

[3] 73 Am Jur 2d, Statutes § 186 *et seq.*

[4] 61 Am Jur 2d, Pleadings §§ 12–14.

[5] 16 Am Jur 2d, Conflict of Laws § 11.

Place of tort: what is place of tort causing personal injury or resultant damage, for purpose of principle of conflict of laws that law of place of tort governs. 77 ALR2d 1266.

Products Liability: what law governs liability of manufacturer or seller for property damage caused by product sold. 76 ALR2d 130.

[6] 5 Am Jur 2d, Appeal and Error § 545.

injury claim as untimely while allowing the husband's claim for loss of consortium if the claims are subject to different limitation periods.

3. STATUTES—PRESUMPTION AGAINST NULLITY.

A statute should not be presumed to be a nullity; if reasonably possible, every part should be given effect.

4. PLEADING—FOREIGN JURISDICTIONS—RAISING ISSUES—STATUTES— NOTICE—STATUTES OF LIMITATION.

A party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside of Michigan should give notice in his pleadings or other reasonable written notice; this requirement was sufficiently complied with by a defendant seeking an accelerated judgment based on a Georgia statute of limitations which barred the plaintiffs' claim where the defendant in its brief in support of its motion for accelerated judgment cited the proper Georgia statute as the statute which barred the plaintiffs' claim; there was no need to supply the full text of the statute to the court or to the plaintiffs because the statute was readily accessible and there was no demand before the trial court for a fuller showing (MCLA 600.2114a; MSA 27A.2114[1]).

5. TORTS—RIGHT OF ACTION—LEX LOCI DELICTI—SUBSTANTIVE LAW— SIGNIFICANT CONTACTS—CASE PRECEDENT.

Michigan courts have consistently held that the substantive law to be applied in a torts case is the law of the place where the tort occurred; the Court of Appeals is bound to follow a Supreme Court decision which expressly rejected the "significant contacts" approach unless the Court of Appeals is convinced by overwhelming evidence that the Supreme Court would overrule that decision today.

DISSENT BY J. H. GILLIS, J.

6. APPEAL AND ERROR—ISSUES NOT RAISED IN LOWER COURT.

*Generally, a claim may not be reviewed for the first time on appeal where it was not the subject of a ruling of the court below.*

Appeal from Wayne, Myron H. Wahls, J. Submitted December 6, 1977, at Detroit. (Docket No. 30855.) Decided February 23, 1978.

Complaint by Velma A. Turner and Edgar R. Turner, Jr., against Ford Motor Company for damages for personal injuries suffered by Velma Turner caused by a defective automobile and for Edgar Turner's loss of consortium. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed in part, reversed in part, and remanded.

*Denenberg, Tuffley & Thorpe* (by *James A. Thorpe* and *Robert J. Bugge),* for plaintiffs.

*Seavitt, Westcott, Miller, Stowe & Magnuson* (by *Thomas L. Misuraca),* for defendant.

Before: M. F. CAVANAGH, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

PER CURIAM. This is an appeal from an order granting accelerated judgment in favor of defendant Ford Motor Company in a products liability case. Plaintiffs' complaint alleged that plaintiff Velma Turner was injured on February 12, 1972, in Unadilla, Georgia, when an automobile in which she was a passenger collided with a concrete abutment after its left rear wheel became detached from the vehicle. The automobile was allegedly designed, manufactured and assembled by defendant, and plaintiffs alleged that the accident was caused by various defects in the design, manufacture, and assembly of the vehicle. In addition to Mrs. Turner's injuries, Mr. Turner's loss of consortium was claimed as part of plaintiffs' losses and damages resulting from the incident. The Turners' theories of the case were negligence, breach of implied warranties, strict liability in tort, and wilful and wanton misconduct. The trial judge granted accelerated judgment as to all claims for the reason that they were barred by the statute of

limitations. We affirm his order with respect to Velma Turner's allegations of personal injury but reverse with respect to Edgar Turner's allegation of loss of consortium.

The accident allegedly occurred on February 12, 1972, and suit was filed on February 10, 1975— more than two years but less than three years later. The Michigan borrowing statute, MCLA 600.5861(2); MSA 27A.5861(2) provides in part:

"The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim."

Since this case involves product liability claims against a manufacturer for personal injury, Velma Turner's claims accrued in Georgia on February 12, 1972. *Parish v B F Goodrich Co,* 395 Mich 271; 235 NW2d 570 (1975). Under Michigan law, the limitations period applicable to personal injury claims like these is three years.[1] MCLA 600.5805; MSA 27A.5805. Under the law of Georgia, the state where the claim accrued, the general personal injury limitations period is two years. Ga Code Ann § 3-1004. Since the Georgia limitations period would bar the claim, under the borrowing statute the claim is barred in our courts as well.

[1] The only other arguably applicable period is the four-year limitations period in contract cases specified in Uniform Commercial Code § 2-725 (MCLA 440.2725; MSA 19.2725). This would apply, if at all, only to the breach of warranty claims. We believe the Supreme Court would probably apply the three-year personal injury limitations period, not the four-year contract limitations period, to such a products liability personal injury action. *Waldron v Armstrong Rubber Co (On Remand),* 64 Mich App 626, 633; 236 NW2d 722 (1975), see, *Huhtala v Travelers Insurance Co,* 401 Mich 118, 126; 257 NW2d 640 (1977), but see, *Reid v Volkswagen of America, Inc,* 512 F2d 1294 (CA 6, 1975). We need not decide this question now, since the applicable Georgia limitations period is shorter than that prescribed by either of the Michigan statutes.

*Hill v Clark Equipment Co,* 42 Mich App 405; 202 NW2d 530 (1972), *lv denied,* 388 Mich 801 (1972), *Shamie v Shamie,* 45 Mich App 384; 206 NW2d 463 (1973).

However, Georgia provides for a four-year limitations period for "actions for injuries to the person involving loss of consortium". Ga Code Ann § 3-1004. With respect to Edgar Turner's claim of loss of consortium, the shorter of the Georgia and Michigan limitations periods is the three-year Michigan limit, in which case this claim is not barred.[2] Under Georgia law, a spouse may maintain an action for loss of consortium even if the other spouse's personal injury claims based on the same accident are time-barred. *Central of Georgia R Co v Harbin,* 132 Ga App 65; 207 SE2d 597 (1974). The cases relied upon by defendant are distinguishable from the instant case because they involved inconsistent verdicts on the merits where one spouse brought an action for personal injury and the other brought a derivative action for loss of consortium. See *Stone Mountain Memorial Association v Herrington,* 225 Ga 746; 171 SE2d 521 (1969), *Smith v Tri-State Culvert Manufacturing Co, Inc,* 126 Ga App 508; 191 SE2d 92 (1972). But there is no inconsistency in barring a wife's personal injury claim as untimely while allowing the husband's claim for loss of consortium *if* the claims are subject to different limitations periods. The Georgia Legislature has provided for a two-

---

[2] Plaintiffs' counsel made no reference to the longer limitations period for loss-of-consortium claims in his answer to the motion for accelerated judgment or in oral argument. The general rule is that an issue not raised before the trial court cannot be raised on appeal. However, the defendant has fully briefed the issue, and in the interest of justice we choose to consider it. *People v LeBlanc,* 399 Mich 31, 49, n 12; 248 NW2d 199 (1976), *Hart v Wayne County,* 61 Mich App 188, 190; 232 NW2d 678 (1975), *reversed on other grounds,* 396 Mich 259; 240 NW2d 697 (1976).

year limit on most personal injury claims but a four-year limit on such claims involving loss of consortium. The only inconsistency is the work of the Georgia Legislature. Any other interpretation would reduce the longer loss-of-consortium limitations period to a nullity, since a claim of loss of consortium presupposes an originally valid personal injury claim by the other spouse and the latter claim is subject to a two-year limitations period. A statute should not be presumed to be a nullity; if reasonably possible, every part should be given effect. *Stowers v Wolodzko,* 386 Mich 119, 133–134; 191 NW2d 355 (1971), *Peters v Department of State Highways,* 66 Mich App 560, 563; 239 NW2d 662 (1976), 2A Sutherland, Statutory Construction (4d ed, 1973), § 46.06, p 63. The way to effectuate every part of Ga Code Ann § 3-1004 is to allow a loss-of-consortium claim even if the underlying claims of the injured spouse are barred by a shorter limitations period. *Central of Georgia R Co v Harbin, supra.* Otherwise the four-year limit on loss-of-consortium claims would be illusory.

Defendant urges us not to enforce the Georgia limitation period in consortium cases because it is against the public policy of Michigan. It is contended that Michigan's policy is to apply the same statute of limitations to all claims arising from a single tortious transaction. Assuming that to be true, it merely shows that Georgia law is different, not that its enforcement would violate public policy. We see nothing immoral, unjust to, or inconsistent with the interests of our citizens in applying this statute of limitations. *Rick v Saginaw Bay Towing Co,* 132 Mich 237, 240; 93 NW 632; 102 Am St 422 (1903), *Eskovitz v Berger,* 276 Mich 536; 268 NW 883 (1936), *Lieberthal v Glens Falls Indemnity*

*Co of Glens Falls, New York,* 316 Mich 37, 42; 24 NW2d 547 (1946), *Growe v Growe,* 2 Mich App 25, 32–33; 138 NW2d 537 (1965), *lv denied,* 377 Mich 708 (1966), 1 Restatement, Conflict of Laws, 2d, § 90, p 267.

Plaintiffs also argue that the defendant improperly pleaded and proved the foreign statute on which it relied. MCLA 600.2114a; MSA 27A.2114(1) provides in pertinent part:

"A party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this state shall give notice in his pleadings or other reasonable written notice."

In its brief in support of the motion for accelerated judgment, the defendant cited Ga Code Ann § 3-1004 as the statute of limitations which barred the plaintiffs' claims. We reject plaintiffs' contention that defendant was obliged to furnish the full text of the statute to the court or to them. We note that there was no demand for a fuller showing before the trial court. Since the statute is readily accessible, citation to it in the supporting brief was sufficient notice under the statute.

Finally, we are constrained to reject plaintiffs' proposal to replace the *lex loci delicti* choice-of-law principle with the "significant contacts" approach employed in many other jurisdictions. Our courts have repeatedly held that the substantive law to be applied in a torts case is the law of the place where the tort occurred. *Kaiser v North,* 292 Mich 49; 289 NW 325 (1939), *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), *Sweeney v Sweeney,* 71 Mich App 428; 248 NW2d 571 (1976). We are bound to follow the *Abendschein* decision, where a unanimous Supreme Court criticized and expressly rejected the "significant contacts" ap-

proach, unless we are convinced by overwhelming evidence that the Supreme Court would overrule that decision today. *Abendschein v Farrell,* 11 Mich App 662, 679; 162 NW2d 165 (1968), *affirmed,* 382 Mich 510 (1969), *Burton Drywall, Inc v Kaufman,* 69 Mich App 85, 90; 244 NW2d 367 (1976), *lv granted,* 399 Mich 875 (1977). We have seen no such evidence. Furthermore, even if the "significant contacts" test were adopted, it would be irrelevant in this case because the borrowing statute controls the question whether the applicable Michigan or sister-state statute of limitations governs claims accruing in the other state. See, 1 Restatement, Conflict of Laws, 2d, § 6, p 10, *Hill v Clark Equipment, supra,* at 407.

Affirmed in part, reversed in part and remanded for proceedings not inconsistent with this opinion.

J. H. GILLIS, J. *(dissenting).* I respectfully dissent. Plaintiffs' counsel made no reference to the longer statute of limitations period applicable to loss-of-consortium claims in any of the lower court proceedings. Accordingly, since the issue was not raised before the trial court, it should not be considered for the first time on appeal. See, *Falk v Civil Service Commission of Macomb County,* 57 Mich App 134, 137, 138; 225 NW2d 713 (1974), *lv den,* 394 Mich 819 (1975), *Buxton v Alexander,* 69 Mich App 507, 509–510; 245 NW2d 111 (1976), *lv den,* 399 Mich 827 (1977), *Three Lakes Association v Whiting,* 75 Mich App 564, 575; 255 NW2d 686 (1977).

I would affirm the lower court's order in its entirety.