HILL v CLARK EQUIPMENT COMPANY

Docket No. 27085. Submitted June 17, 1977, at Grand Rapids.—Decided August 7, 1978. Leave to appeal denied, 405 Mich __.

Plaintiff Listeon Hill was injured in Alabama while driving a forklift truck manufactured by defendant Clark Equipment Company. Plaintiff sued defendant alleging, among other things, strict liability in tort. The Berrien Circuit Court, Julian E. Hughes, J., granted accelerated and summary judgment dismissing plaintiff's complaint. Plaintiff appealed to this Court and this Court reversed and remanded for trial, 42 Mich App 405 (1972), lv den, 388 Mich 801 (1972). Judge Hughes dismissed the strict liability theory without submission to the jury and, after trial, entered judgment on a verdict of no cause of action. Plaintiff appealed alleging that the lex loci delicti rule required application of Michigan rather than Alabama law and that the Alabama law should not be applied in any case because it contravened Michigan public policy. The Court of Appeals held in a heretofore unpublished opinion that the lex loci delicti rule meant that the applicable substantive law was the law of the place of the injury and that the fact that the law of Alabama differed from the law in Michigan did not mean that Alabama law contravened Michigan public policy. Plaintiff moved for rehearing alleging that the Alabama Supreme Court had ruled, after the ruling of the Court of Appeals, that strict liability in tort is a viable action in Alabama and is retroactive to all cases where it was pleaded and that, inasmuch as that issue was raised but not decided by the Court of Appeals, the issue requires determination. Held:

Strict liability in tort is a viable theory of recovery in Alabama and should have been submitted to the jury.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability § 214.
   Products liability: strict liability in tort. 13 ALR3d 1057.
[1, 2] 16 Am Jur 2d, Conflict of Laws § 71.
[2] Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.

1. Torts—Strict Liability—Conflict of Laws—Alabama Law.

    Under Alabama law, a complaint alleging strict liability in tort as a basis of recovery is a viable cause of action.

2. Torts—Products Liability—Conflicts of Law—Substantive Law—Lex Loci Delicti—Public Policy.

    Michigan, in tort liability generally and in products liability specifically, follows the rule that the governing substantive law is the law of the place of the wrong, which in Michigan means the place of the injury, and the mere fact that the law of the place of the injury differs from the law in Michigan does not mean that the law of the place of the injury contravenes the public policy of Michigan; before a Michigan court is justified in refusing to enforce a right of action accruing under the laws of a foreign jurisdiction it must appear that such a right is against good morals or natural justice or that for some other reason an enforcement of it would be prejudicial to the general interests of the citizens of Michigan.

*Cicinelli, Mossner, Majoros & Alexander, P. C.,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for defendant.

Before: M. J. Kelly, P. J., and M. F. Cavanagh and J. R. Rood,* JJ.

M. J. Kelly, P. J. Pursuant to a grant of rehearing dated March 15, 1978, we are persuaded, albeit reluctantly, that, adhering to our previous decisions that Alabama law applies in this case, we must reverse and remand for trial on Count IV of plaintiff's complaint alleging strict liability in tort under 2 Restatement Torts, 2d, § 402A, pp 347–348, because that issue has been properly preserved by plaintiff's presentation and representation of same both to the lower court and to this Court.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We reiterate the finding expressed in our order of March 15, 1978, that under the Alabama cases of *Casrell v Altec Industries, Inc,* 335 So 2d 128 (Ala, 1976), and *Trimble v Bramco Products, Inc,* 351 So 2d 1357 (Ala, 1977), the Alabama Supreme Court has ruled that the cause of action outlined at Count IV of plaintiff's complaint designated "Strict Liability in Tort" under 2 Restatement Torts, 2d, § 402A, pp 347–348, is a viable cause of action in Alabama and is retroactive to all cases in which the doctrine was pleaded prior to its adoption. The issue before us then is whether the doctrine of "law of the case" bars this Court from ruling at this time that the trial court erred in ordering Count IV stricken from plaintiff's complaint. The matter was presented to this Court in its prior decisions in this case at 42 Mich App 405; 202 NW2d 530 (1972), and in the recent unreported decision of December 9, 1977.

We hold that this Court has not ruled on the issue of the viability of the strict liability theory in Alabama at any time and that said issue has been properly preserved and if this issue were to be decided by an Alabama court vested with proper jurisdiction, that court would be required to rule that the issue of strict liability under the Restatement of Torts, 2d, § 402A, being retroactive to all cases in which properly pleaded, should have been submitted to the jury.

The references to the strict liability theory at 42 Mich App 405, 413, 414, are strictly dicta and we are now "better informed".

Because of the impact on the conflict of laws issue of *lex loci delicti* raised by the Supreme Court's decision in *Sweeney v Sweeney,* 402 Mich 234; 262 NW2d 625 (1978), vis-a-vis its reversal of our Court on that finding, we attach herewith as

an appendix for publication with this decision, our heretofore unpublished decision in this matter on the *lex loci delicti* issue decided December 9, 1977, as the merits thereof are preserved for appeal to the Supreme Court along with the retroactivity of the strict liability issue and the law of the case issue decided instanter.

Reversed and remanded for trial on the strict liability of tort issue as interpreted by the Alabama Supreme Court.

## APPENDIX

PER CURIAM. In this products liability case, plaintiff appeals as of right a lower court judgment, dated December 18, 1975, on a jury verdict of no cause for action against plaintiff following a six-day jury trial.

The basis for the litigation occurred on October 4, 1963, in Mobile, Alabama. On that date, while operating a forklift manufactured by defendant, plaintiff was severely injured and subsequently rendered a quadriplegic by virtue of injuries which he received when a 300-pound bale of cardboard boxes fell upon him while in the employ of the International Paper Company. As his primary claim of error, plaintiff here argues that he should be granted a new trial for the reason that the lower court impermissibly determined that the substantive rights and liabilities of the respective parties should be governed by the application of Alabama law. In so claiming, plaintiff asserts two arguments: First: that the *lex loci delicti* of a products liability claim on the theory of negligent design is the state in which the injury-causing product is manufactured, and second: that, in any event, the application of Alabama law in the in-

stant case impermissibly contravenes the public policy of this state.

Under his conflicts argument, plaintiff initially asserts that the well-established *lex loci delicti* rule does not necessarily mandate that Alabama law be applied. Plaintiff asserts that the "wrong" *(i.e., the manufacture of the instant forklift)* in the instant case occurred in Michigan. In the area of tort liability generally, and product liability particularly, most jurisdictions have answered "choice-of-law problems by ruling that the governing substantive law is the law of the place of the wrong, the lex loci delicti". 2 Hursh & Bailey, American Law of Products Liability 2d, § 15.5, p 621. See also 3 Frumer & Friedman, Products Liability, § 37.03, pp 11–10 to 11–21; Anno: *What law governs liability of manufacturer or seller for injury caused by product sold,* 76 ALR2d 130; and Anno: *Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong,* 29 ALR3d 603. Michigan is one such jurisdiction. *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), *Bostrom v Jennings,* 326 Mich 146; 40 NW2d 97 (1949), *Summar v Besser Mfg Co,* 310 Mich 347; 17 NW2d 209 (1945), *Kaiser v North,* 292 Mich 49; 289 NW 325 (1939), *Hazard v Great Central Transport Corp,* 270 Mich 60; 258 NW 210 (1935), *Sweeney v Sweeney,* 71 Mich App 428; 248 NW2d 571 (1976), *Pusquilian v Cedar Point, Inc,* 41 Mich App 399; 200 NW2d 489 (1972), *lv den,* 388 Mich 776 (1972). In applying the *lex loci* rule to products cases, problems have arisen in the application of the term "place of the wrong" where the product complained of is manufactured in a state other than the one in which injury occurred. Many litigants, including plaintiff herein, have argued

that the "place of the wrong" in products cases is the place where the product was defectively manufactured. In discussing the treatment which most jurisdictions have given to that problem, the authors in 2 Hursh & Bailey, American Law of Products Liability 2d, § 15:6, p 624, state:

"*In most instances,* in applying the rule that the substantive law of the place of the wrong governs the liability for negligence of the manufacturer or seller of an injury-causing product, *the place of the wrong has been considered to be the place where the injury for which recovery is sought is sustained.* This is the rule of the Restatement of Conflict of Laws, and there is considerable decisional authority in accord." (Emphasis supplied, footnotes omitted.)

As defendant properly notes, Michigan is one such jurisdiction which acknowledges that the "place of the wrong" is the place of the injury. *Abendschein v Farrell, supra, Kaiser v North, supra, Sweeney v Sweeney, supra, Pusquilian v Cedar Point, Inc, supra.* In so stating, the *Pusquilian* Court concluded:

"Michigan law is well settled. Liability for an alleged tort is governed by the substantive law of the place of injury." 41 Mich App at 401.

We find no error.

Plaintiff next urges that Alabama law should not be applied because it contravenes the public policy of this state. Most jurisdictions, including Michigan, recognize the rule that the *lex loci* principle will not be applied in those instances where the application and enforcement of such foreign laws would entail the contravention of established forum public policy to the contrary, *Lieberthal v Glens Falls Indemnity Co,* 316 Mich 37; 24 NW2d 547 (1946), *Kaiser v North, supra, Kircher v Kircher,* 288 Mich 669; 286 NW 120

(1939), *Eskovitz v Berger,* 276 Mich 536; 268 NW 883 (1936). In *Eskovitz v Berger, supra,* the Court provided a standard for determining what will constitute a contravention of the forum state's public policy:

"[B]efore the court of any State is justified in refusing to enforce a right of action accruing under the laws of any other State or country, it must appear that such right is against good morals or natural justice, or that for some other reason an enforcement of it would be prejudicial to the general interest of the citizens of the State of the forum, and that it does not follow that, because the statute differs from the law of the forum, it is contrary to the public policy of the State, within the meaning of this rule." 276 Mich at 541.

For an extended discussion of the "public policy" limitation which some courts have used to avoid the application of foreign jurisdictions' laws, see Goodrich & Scoles, Conflict of Laws (4th ed), § 11, p 14 *et seq.,* 16 Am Jur 2d, Conflict of Laws, § 74, p 118 *et seq.,* 15A CJS, Conflict of Laws, § 4(4), p 393 *et seq.,* and 29 ALR3d 603, § 4(a), p 617 *et seq.*

Plaintiff argues that Michigan has a public policy of protecting "all who buy or use products manufactured and sold in Michigan". Plaintiff herein was neither a resident of Michigan nor was he injured in this state. We are not persuaded that Michigan public policy requires such an expansive interpretation. We see little Michigan interest in securing tort damage awards to persons so situated. Absent a legitimate government interest to support it, there is no reason to presume the existence of a policy compelling application of Michigan law. Because we find no foundation for the policy advanced by plaintiff, we conclude that this policy does not support application of Michigan law in this case.

Affirmed.