Wynette E. BENNETT, Administratrix of the Estate of Edwin N. Bennett Deceased, Plaintiff-Appellant,

v.

ENSTROM HELICOPTER CORPORATION, a Michigan Corporation, Defendant-Appellee.

No. 80–1814.

United States Court of Appeals, Sixth Circuit.

Argued March 3, 1982.
Decided June 3, 1982.

---

John G. Konkel, Andrienne Southgate, Charfoos, Christensen, Gilbert & Archer, P. C., Detroit, Mich., for plaintiff-appellant.

Grant J. Gruel, Edward Wells, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, PECK, Senior Circuit Judge, and CHURCHILL,* District Judge.

JOHN W. PECK, Senior Circuit Judge.

This is a conflicts of law case. Diversity of citizenship is the basis of federal jurisdiction. The issues are the usual ones in conflicts cases: which is the applicable substantive law, and what is the effect of applying it?

The underlying facts pertinent to this appeal are that plaintiff Bennett's husband died in the crash of a helicopter manufactured by defendant Enstrom. The helicopter went down in a frigid lake in New Zealand; Bennett's husband drowned. Bennett and her family resided in New Zealand. Enstrom Helicopter Corporation is a Michigan corporation. Bennett brought this action under the Michigan Wrongful Death Act, M.C.L.A. § 600.2922, alleging breach of express and implied warranties, negligence, and breach of a bailment agreement.

The trial court granted summary judgment for Enstrom, holding that such actions are barred by the substantive law of New Zealand. The court properly applied the conflicts-of-law rules of the forum state —here, Michigan. In torts cases, Michigan usually applies the substantive law of the place of the wrong, traditionally termed the *"lex loci delicti"*. *E.g., Sweeney v. Sweeney*, 402 Mich. 234, 236, 262 N.W.2d 625 (1978). The *lex loci*, the law of New Zealand, no longer permits common law personal injury actions. New Zealand has instead created a comprehensive administrative scheme of no-fault compensation for persons injured there. *See generally* Palmer, *Accident Compensation in New Zealand: The First Two Years*, 25 Am.J.Comp.L. 1, *passim* (1977).

On appeal, Bennett argues that the district court misconstrued New Zealand statutes or erred in applying New Zealand law. She points out that the New Zealand Compensation Act provides that no person covered under the Act may bring a personal injury action *"in any court of New Zealand independently of this act. . . ." Id.* § 5(1). Bennett's argument is that since her action was not brought "in any court of New Zealand," then this exclusive-remedy provision does not apply to her case. We agree, of course, with Bennett's implicit premise that the New Zealand legislature cannot restrict the jurisdiction of the courts of other sovereign states. We reject her conclusion that if the New Zealand Act's exclusive-remedy provision is inapplicable, then a Michigan court, ostensibly applying New Zealand substantive law, would ignore the rest of the Compensation Act and apply the Michigan Wrongful Death Act to her case. There is simply no longer, under New Zealand substantive law, a common law tort action for persons covered by the Compen-

* Honorable James P. Churchill, United States District Judge for the Eastern District of Michi- gan, sitting by designation.

sation Act. Bennett is covered by the Act, and has in fact received compensation under it. If the *lex loci* applies, plaintiff Bennett loses.

Bennett prevails only if there is some reason to bend the Michigan conflicts rule of *lex loci delicti*. The Michigan Supreme Court has been critical of "reflexive" application of this rule. *See Sweeney, supra,* 402 Mich. at 236–37, 262 N.W.2d 625. Before applying the rule, Michigan courts should consider whether doing so would "frustrate an announced Michigan public policy." *Id.* at 242, 262 N.W.2d 625.

Bennett argues now, as she did in the district court, that Michigan has announced a public policy of promoting "safety in aeronautics." M.C.L.A. § 259.1. To that end the Michigan legislature further provided that

> The owner or operator or the person or organization responsible for the maintenance or use of an aircraft shall be liable for any injury occasioned by the negligent operation of the aircraft, whether the negligence consists of a violation of the provisions of the statutes of the state, or in the failure to observe ordinary care in the operation, as the rules of the common law require.

M.C.L.A. § 259.180a.

The helicopter that Mr. Bennett went down in was exported by, but neither owned nor operated by, the defendant Michigan corporation. The district court noted Michigan's public policy of promoting safety in aviation but held that "[t]he mere fact that defendant's helicopter was manufactured in Michigan is an insufficient reason to invoke this state's public policy," *citing Hill v. Clark Equip't Co.,* (Mich.App. Dec. 9, 1977) *published as appendix to opinion reversing in part on rehearing,* 85 Mich.App. 1, 4, 270 N.W.2d 722 (1978).

We agree. "The public policy of a state is fixed by its constitution, its statutory law, and the decision of its courts...." *Branyan v. Alpena Flying Serv., Inc.,* 65 Mich.App. 1, 8, 236 N.W.2d 739 (1975). Bennett has pointed out no expression of public policy in any of these sources that

would support application of Michigan substantive law to every case in which a product manufactured there has caused personal injury.

Even if a "dominant contacts" conflicts-of-law rule were to be applied to this case, it is doubtful that a Michigan court would apply Michigan substantive law. We recognize, as did the district court, that Michigan courts have resolved choice-of-law questions by what may be called a dominant contacts approach. *See Storie v. Southfield Leasing, Inc.,* 90 Mich.App. 612, 619 *appeal granted,* 407 Mich. 908, 285 N.W.2d 39 (1979); *Branyan, supra,* 65 Mich.App. at 9–10, 236 N.W.2d 739. The contacts with Michigan noted in these cases are absent here. Neither the decedent nor his family resided in Michigan. The downed helicopter was not owned by a Michigan resident or corporation. Although the bailment of the helicopter to Mr. Bennett was, as the district court noted, in a "commercial environment, there was no sale and no employment contract [between defendant Enstrom and the decedent]."

For these reasons, the judgment of the district court is affirmed. Costs to appellee.